## Mays v. Lewis.

## [**38**] John Mays v. Lewis.

An affidavit for a continuance should not be so general in its terms as to make it impossible to have a conviction for perjury in case it be willfully false.

It is not sufficient in a first application for a continuance to state that due diligence had been used to procure the necessary testimony; the facts constituting due diligence must be shown. (Note 8.)

It is no objection to the jurisdiction of the District Court that one of several demands sued on is for a less amount than $100; and it is equally immaterial whether any one of the claims amount to that sum, provided that all of them in the aggregate do so.

Counts in pleading, technically speaking, are entirely unknown to our practice. The plaintiff sets out in his petition his grounds of action, distinctly alleging the facts on which his right to recover is based. If it be founded on contracts or promises in writing, he is required so to describe them as to advise the defendant of the grounds on which he relies.

In an action by the vendor against the vendee for the purchase-money, where the vendee answered that the vendor had no title: *Held*, That evidence offered by the vendee that that the vendor had relocated the land subsequently to the sale was properly rejected.

A vendee not only takes the title held by the vendor at the time of the sale, but whatever other additional title the vendor may afterwards acquire inures to his benefit.

It is a very common occurrence in this country for a man, out of abundant caution, to fortify an old title that he believes to be valid by locating on it again, thereby uniting the old and the new in himself; and in doing so he is not thought to be repudiating his old title.

Where the jury found "that the plaintiff shall be entitled to the full amount specified in the "*promissory notes adduced in the case* and drawn by defendant in favor of said plaintiff, "together with the legal interest due thereon, making deduction of all amounts indorsed "on them as paid:" *Held*, That the verdict was not sufficiently certain to authorize the entry of judgment. (Note 9.)

In considering a verdict with a view to its sufficiency, the first object is to ascertain what the jury intended to find; and this is to be done by construing the verdict liberally, with

## Mays v. Lewis.

the sole view of ascertaining the meaning of the jury, and not under the technical rules of construction which are applicable to pleadings.
Wherever a verdict is neither certain in itself nor finds facts from which certainty can be attained, it ought to be set aside.

Appeal from Guadalupe. The appellee sued the appellant upon three promissory notes, one of which was for less than $100. There were some credits indorsed upon the notes. The defendant answered by a general denial of indebtedness, [39] and pleaded that the notes were given for land sold by the plaintiff to the defendant, as would appear by reference to a bond for title given by plaintiff to the defendant; that the plaintiff had no title to the land, and had, subsequently to the sale to defendant, located on the same; and that he, the defendant, had made considerable improvements on the land. The bond for title was not exhibited nor offered to be surrendered. The defendant, however, averred that it was worthless. The plaintiff excepted to the defendant's answer; but the record does not show that any disposition was made of the exception. At the second term of the court the defendant applied for a continuance, making affidavit that he could not go safely to trial for the want of certain testimony; that he had used due diligence to obtain it, but had not had sufficient time to do so. The continuance was refused. On the trial the defendant offered testimony to prove that after the sale of the land from the plaintiff to the defendant the former had located it. The plaintiff objected and the testimony was excluded.

There was a verdict for the plaintiff in the following words: "We, the jury "impaneled in the case of M. R. Lewis v. John Mays, render verdict in favor "of said Lewis, to the effect that the said M. R. Lewis shall be entitled to the "full amount specified in the promissory notes adduced in the case and drawn "by the said Mays in favor of said Lewis, together with the legal interest due "thereon, making deduction of all amounts indorsed on them as paid." Judgment was rendered for the amount of the notes and interest, less the credits indorsed. The defendant appealed.

*Sneed & Oldham,* for appellant.

I. The affidavit presented by the appellant for a continuance of the cause in the District Court we think strictly conforms to the provisions of the act of the Legislature upon the subject. It was the first continuance asked for by him, and the refusal of the court to grant the continuance was erroneous. (Hipp v. Bissell, 3 Tex. R., 18.)

[40] II. The jurisdiction of the District Court is special and limited by the Constitution. It cannot take cognizance of matters in controversy under the value of $100. (Const., art. 4, sec. 10.) A note for $30 is not within its jurisdiction; and it is insisted that such a note cannot be blended with another, over $100, so as to give the District Court original jurisdiction of the smaller one. Each note is a separate and distinct contract. The amount in controversy, which determines the jurisdiction, is the subject-matter of each contract, and not of several consolidated contracts. (Lightfoot v. Payton, Hard. R., 3; Harris v. Smith, 7 Mon. R., 311; Berry v. Linton, 1 Ark. R., 252; Fenter v. Andrews, 5 Ark. R., 34.)

III. We conceive that the verdict is so decidedly uncertain and defective that no judgment could be pronounced upon it. It is the province of the jury to find the facts in issue between the parties, and of the court to pronounce the law upon such finding. The verdict is the basis of the judgment, and the latter should conform to the former.

In this case the jury determine nothing by their verdict upon which a judgment could be based. They "find that the plaintiff shall be entitled to the "full amount specified in the notes adduced in the case and drawn by the said "Mays in favor of the said Lewis, together with the legal interest due thereon, "making deduction of all amounts indorsed on them as paid." It was the duty of the jury to assess the damages, to calculate the interest upon the sum due, and deduct the credits, and thereby ascertain the amount still due, for

## Mays v. Lewis.

which the judgment of the court was to be rendered. But upon this verdict no judgment whatever could be rendered; and to enable the court to render a judgment, it was compelled to assume the prerogative of the jury, and assess the damages, which they had left to be done. The judgment then is rendered, not upon the verdict of the jury, but for the damages assessed by the court. The court calculated the interest, deducted the credits, and ascertained the balance due. In certain cases, where the [41] damages are to be assessed by calculation upon the instrument sued upon, the statute authorizes the court to assess them; but in no case, even where it depends upon a mere matter of calculation, when the parties submit the cause to the determination of a jury, has the court, as we conceive, any province to find the facts; but can only pronounce the sentence of the law upon the facts found.

IV. The evidence excluded by the court tended to show that the appellee had no title to the land alleged as constituting the consideration of the notes sued on. The proof, taken in connection with other proof, might have established the fact that there was a failure of or no consideration for the notes. That the vendor had no title is a good defense to an action for the purchase-money was decided in Tarpley *v.* Poage's Adm'r, (2 Tex. R., 139.)

*M. R. Lewis,* for appellee. There was no error in overruling the motion for a continuance. The right to a continuance is statutory, and the requirements of the statute must be strictly complied with. The affidavit does not state any diligence to procure the testimony. It admits that no diligence was used, and would excuse non-user thereof, on the ground of impossibility, for want of time, &c.

There was no error in excluding evidence that the plaintiff had located the land subsequent to the sale. To lay and prove one title in the plaintiff in order to defeat another would be absurd.

The verdict is a good verdict; the finding is sufficiently certain to sustain the judgment. The only issue was debt on the notes specifically set out in the petition. The jury rendered verdict in favor of the said Lewis for the full amount specified in the promissory notes adduced in the case and drawn by the said Mays in favor of the said Lewis, together with the legal interest due thereon. This is certainly finding the fact of indebtedness and the amount. Calculation of the *amount* of the notes and interest *due* was but a clerical duty which the clerk might perform, and which it was not indispensably necessary [42] for the jury to do in order to make their verdict good. No miscalculation of the clerk or court or plaintiff could ever defeat the verdict in this case and give a different amount from that found by the jury and rendered by their verdict. If any such error had been made in the case the defendant could easily have detected it by calculation; and on application to this court the error would have been revised and judgment corrected. (3 Pet. Dig., p. 689, sec. 7; Id., sec. 20; Id., p. 690, sec. 27; Burton *v.* Anderson, 1 Tex. R., 93; Briscoe *v.* Bronaugh, Id., 326; 3 U. S. Dig., p. 627, secs. 1, 3, 5, 7, 11, 14; Id., p. 629, sec. 63.)

LIPSCOMB, J. The first error assigned that will be considered is the refusal of the court to grant a continuance. We believe that the motion for a continuance ought to have been overruled, as the affidavit showed no sort of diligence used to procure the absent testimony, and was so general in its terms as to make it impossible to have a conviction for perjury had it been willfully false; and it was at the second term of the court when the application was made. It does not define the character of the evidence, where it is to be obtained, nor any reason why efforts had not been made to procure it. He swears that due diligence had been used to obtain it, "*but the same cannot be prepared and shown at the present term.*" If he had used diligence, he certainly could have shown in what it consisted. The motion for a continuance was very properly overruled by the court.

The next error assigned is that the court has no jurisdiction in the case.

21

## Mays v. Lewis.

This assignment is founded on the fact that one of the notes set out in the plaintiff's petition is for a sum under the jurisdiction of the District Court, and cognizable before a justice of the peace. It is a rule applicable to a declaration, according to the English practice, that where different notes or acknowledgments are sued on, each one must be separately counted, and that each count must show of itself a sufficient cause of action; but even a strict [**43**] compliance with that system could not oust the jurisdiction in this case, because two of the counts would be good, as two of the notes are for an amount sufficient to give jurisdiction, and the objection would be confined to one count only; and if that was·bad, it would not vitiate the two good counts. This would have been the result of a strict application of the rules of practice to a common-law declaration; but it is believed that a less stringent rule would now prevail even under that system. If the larger note would give the court jurisdiction, it would then attach to the smaller one. It is needless, however, further to discuss the effect of the common-law rules of practice; we have a different system. Counts in pleading, technically speaking, are entirely unknown to our practice. The plaintiff sets out in his petition his grounds of action, distinctly alleging the facts on which his right to recover *is based.* If founded on contracts or promises in writing, he is required so to describe them as to advise the defendant of the grounds on which he relies. But I apprehend that the amount of the defendant's indebtedness to him at the time suit is brought must form the criterion for determining the jurisdiction of the court; and if the aggregate of the indebtedness, being by distinct promises of different amounts, be within the jurisdiction of the court, it is sufficient. I am fully aware that, in those courts governed by common-law rules of practice, it has been held otherwise; and that a party will not be permitted to unite two distinct promissory notes, neither of them alone of sufficient amount to give jurisdiction to the court. I apprehend, however, that this arises from the form of their declaration, and that each separate count must show a right of action. I can see no reason why, under our practice, it should not be allowed. These different notes would be only evidence showing the amount of indebtedness; and the cost and inconvenience to parties would in all probability be not so great attending one suit in a higher tribunal as they would be if several suits were brought, one on each promise, in an inferior jurisdiction.

[**44**] The objection to the judgment of the court below, founded on the rejection of testimony offered by the defendant, as set out in the bill of exceptions, merits but little consideration. The evidence was intended to prove that the notes sued on were given for the purchase of a tract of land from the plaintiff, and that it was the same land on which the defendant then resided; that the plaintiff had, since his sale to the defendant, made a location on the land. The evidence amounted to no defense against the action; and it is a singular objection to come from the vendee that his vendor had strengthened the title sold by the addition of another title; as it is a principle not to be controverted that the vendee enjoyed not only the title held by the vendor at the time of making the sale, but whatever additional title the vendor might afterwards acquire would inure to the benefit of his vendee. It is a very common occurrence in this country for a man, out of the abundance of caution, to fortify an old title that he believes to be valid by locating on it again, thereby uniting the old and the new in himself; and in doing so he is not thought to be repudiating his old title.

The next error assigned is one of some difficulty. It is that the verdict does not support the judgment of the court for want of certainty. The verdict will be found to be expressed in the following terms:

"We, the jury impaneled in the case of M. R. Lewis *v.* John Mays, render "verdict in favor of said Lewis, to the effect that the said M. R. Lewis shall be "entitled to the full amount specified in the promissory notes *adduced in the* "*case* and drawn by the said Mays in favor of the said Lewis, together with "the legal interest due thereon, making deduction of all amounts indorsed on "them as paid.        JAMES P. HECTOR, *Foreman.*"

## Mays v. Lewis.

If the meaning of the jury in this verdict is certain and definite, or furnishes sufficient facts to enable the court to render their intention certain, the judgment ought not to be set aside if it conforms to the finding of the jury. The [45] Supreme Court of Kentucky has laid down the rule for construing verdicts to be : "In considering the verdict itself, with a view to its sufficiency, "the first object is to ascertain what the jury intended to find; and this is to "be done by construing the verdict liberally, with the sole view of ascertain-"ing the meaning of the jury, and not under the technical rules of construc-"tion which are applicable to pleadings." (Miller *et al. v.* Shackelford, 4 Da. R., 271.) Again, it is said that "every reasonable construction is to be adopted "in support of a verdict." (Huntington *v.* Ripley, 1 Root. R., 321; U. S. Dig., title VERDICT, 5.) And this court, in the case of Burton *v.* Anderson, (1 Tex. R., 98,) says : "The rule is believed to be well settled that if the verdict is suf-"ficiently certain to be rendered certain, it is good." In the case before us, after giving the benefit of the rules cited, can it be sustained? I am constrained to say that from the best reflection I have been able to give the question, and with a strong inclination of mind to sustain it, I find nothing in the verdict itself nor in the record to render it certain.

The difficulty, in my mind, arises from the words "adduced in the case." If, instead of these words, the jury had said "set out in the petition," or had made direct reference to the notes described in the plaintiff's petition, I should have found no difficulty, under the rule laid down by the court, in saying that "it was sufficiently certain to be rendered certain." But the words used, I believe, can have no definite reference to the petition, and were intended to refer to the notes in evidence before the jury. I understand, from the rule in the case cited from Dana, that the language of the jury must not be confined to the technical import of the words, but to their common-sense meaning in their ordinary acceptation. Now, if the jury meant, as I believe they clearly did, the notes read in evidence, we should be left totally at a loss to say what notes, whether two or all three of the notes set forth in the petition, or some other notes. The rule of this court in the case of Burton *v.* Anderson can be better illustrated [46] by its application to the case then before the court. After laying down the rule, we proceed to say : "The jury, by finding the "rate of interest, the amount upon which it is to be calculated, and the date "from which it is to run, leave nothing uncertain as to the judgment which "should be rendered on their verdict." The verdict, in the case under consideration, fails to furnish any such certain data, by which to make it certain ; and I am unwilling to extend the rule further than it has been extended. I believe that it would be unsafe to do so, and that when a verdict is not certain in itself, nor finds facts from which certainty can be attained, it ought to be set aside. I believe that on this ground the judgment ought to be set aside and the cause remanded.

*Judgment reversed.*

NOTE 8.—The affidavit must specify the mode and time of sending commission to take deposition, (Johnson *v.* Evans, 15 T., 39,) the time when a subpœna was delivered to the sheriff, (Williams *v.* Edwards, 15 T., 41.) In accounting for the absence of the use of the ordinary means of obtaining testimony, where the ignorance of any circumstance is stated as a ground therefor, it should appear that such ignorance was not owing to the want of proper diligence. (Lewis *v.* Williams, 15 T., 47.) When made by the attorney it must exclude the conclusion that it was so made because the party himself could not conscientiously make it. (Robinson *v.* Martel, 11 T., 149.) The issuance of a subpœna is not sufficient when the witness resides in another county. (Baker *v.* Kellogg, 16 T., 117.) Continuance will not be granted where there is no defense. (Fowler *v.* Buckner, 23 T., 84.) When the facts are disclosed by the affidavit the court will consider them in acting upon the application. (Williams *v.* Talbot, 27 T., 159; Flournoy *v.* Marx, 33 T., 786; Douglass *v.* Neil, 37 T., 528.)

NOTE 9.—When the question of fraud or notice was the controlling issue in the case, and the jury found "for the defendant on the account of fraud," it was held that the verdict was a general finding for the defendant of all the material facts well pleaded in the answer. (Hamilton *v.* Rice, 15 T., 382.) In a suit upon an open account the jury rendered the following verdict : "We, the jury, find for the plaintiffs, and that the defendant pay the costs," &c.; held to be insufficient. (Harrell *v.* Babb, 19 T., 148.) Where in an action of trespass to try title the verdict of the jury found for the plaintiff "the land described in the petition, less 767½ acres, as described in the deed read in evidence from B. F. Hooper to C. M. Adams," held, that no judgment could be rendered thereon. (Smith *v.* Tucker, 25 T., 594.) But it is sufficient if the

verdict is intelligible, can be rendered certain, and finds substantially the material issues submitted by the pleadings. (Burton *v.* Anderson, 1 T., 93; McMullen *v.* Kelso, *post*, 235; Randon *v.* Barton, *post*, 289; James *v.* Wilson, 7 T., 230; Wills *v.* Barnett, 7 T., 584; Horton *v.* Reynolds, 8 T., 284; Smith *v.* Johnson, 8 T., 418; Parker *v.* Leman, 10 T., 116; Avery *v.* Avery, 12 T., 54; Reynold *v.* Johnston, 13 T., 214; Galbreath *v.* Atkinson, 15 T., 21; Moke *v.* Fellman, 17 T., 367; Darden *v.* Mathews, 24 T., 321; Secrest *v.* Jones, 30 T., 596; Loggins *v.* Buck, 33 T., 113; Wood *v.* Wilder, 42 T., 396.)