## MOUNTAIN (A FREEDMAN) vs. THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Sufficiency of verdict.*—Under an indictment for burglary, a verdict in these words, "We, the jury, find the accused guilty of burglary, and find that the offense was committed since the first day of June, 1866, by agreement of counsel," is sufficient. (BYRD, J., *dissenting*.)

2. *Admissibility of confessions and accompanying acts.*—Where the prosecutor testified, that the prisoner, being carried to his house by a policeman, "then and there pointed out to him and said policeman the way he had broken into the house, and acknowledged he had taken said property from there, and that he had entered the house by lifting the door from its hinges"; while another policeman testified, that having arrested the prisoner on suspicion, and finding on his person articles supposed to have been stolen, "he promised that he would be released, if he would go and point out where he had got the property," that the prisoner agreed to do so, and was sent to the prosecutor's house for that purpose; and the court thereupon excluded the confessions from the jury, on motion of the prisoner, "but refused to exclude the acts of the defendant in connection with said confession,"—*held*, that there was nothing in this action of the court of which the prisoner could complain.

FROM the City Court of Mobile.
Tried before the Hon. H. CHAMBERLAIN.

THE indictment in this case, which was returned into court on the 14th June, 1866, charged that the prisoner, Samuel Mountain, a freedman, "broke and entered into the dwelling-house of Jim Smith, with intent to steal." "On the trial," at the same term, as the bill of exceptions states, "Jim Smith, a witness for the State, testified, that sometime about the — day of June, 1866, before the finding of the indictment, and while he was in the guard-house, his dwelling-house in Mobile county was broken into, and robbed of several articles of clothing, jewelry, and other property, which said articles he identified in the hands of the police. Upon a cross-examination, he stated, that a policeman brought the defendant, Sam. Mountain, to his house; and that Sam. then and there pointed out to him and said policeman the way he had broken into his house, and acknowledged he had taken said property from there, and that he had entered the house by lifting the door from the hinges. C. Latham, a policeman, being sworn as a witness for the State, testified that he had arrested defendant near the house of Smith, at night, and taken from him the property claimed by Jim Smith, and the same mentioned by him in his testimony in this case; that it was on the same night the house was entered. Being cross-examined by defendant's counsel, he stated, that he arrested the prisoner at a late hour of the night, on suspicion of stealing the articles he had in his possession; that he had promised the boy, that if he would go and point out where he had got the property, he would be released, which defendant agreed to do; that he did not go with the defendant to the place, but sent him in custody of another officer, the next day or day after. It was admitted that the policeman was not authorized to make any promise to release the defendant. The State here closed its evidence; whereupon defendant's counsel moved the court to strike out the evidence of Jim Smith, so far as it related to the confession, and acts of defendant in connection with his confession; which said motion was refused by the court as to the acts of the defend-

ant, and sustained as to the confession itself. Defendant therefore prays that his bill of exceptions be allowed, and assigns the overruling of said motion as error, and prays that the same may be revised by the supreme court. No exception was taken as to the charge of the court, and no question reserved other than as above stated; and this bill of exceptions is now signed and sealed ", &c.

The verdict of the jury is copied in the opinion of the court. The court sentenced the defendant to confinement in the penitentiary for four years.

No counsel appeared in this court for the prisoner.

Jno. W. A. Sanford, Attorney-General, for the State, cited 1 Phil. Ev. 554–5, and note; 1 Greenl. Ev. §§ 229–31; *Brister v. The State*, 26 Ala. 108–28; *State v. Motley and Blackedge*, 7 Rich. Law, 327; 2 Bailey, 67; 9 Pick. 496; 5 Rich. 391.

A. J. WALKER, C. J.—After some hesitation, we decide that the singular verdict in this case is sufficient. The verdict is in the following words: " We, the jury, find the accused, Samuel Mountain, guilty of burglary, *and find that the offense was committed since the first day of June* 1866 *by agreement of counsel.*" We intentionally leave the last clause without punctuation, as it is in the transcript, and as we suppose it to be in the original. Giving it the only punctuation which avoids absurdity, it will read thus : "and find that the offense was committed since the first day of June, 1866, *by agreement of counsel.*" Thus punctuated, the sense is the same as if the clause read: "and we find, *by agreement of counsel,* that the offense was committed since the first day of June, 1866." The first clause of the verdict constitutes a general verdict, which, standing by itself, is sufficient under our decisions.—*Nancy v. The State*, 6 Ala. 483; *Oxford v. The State*, 33 Ala. 416; *Bramlett v. The State*, 31 Ala. 376; *Prince v. The State*, 35 Ala. 367; *Noles v. The State*, 25 Ala. 31; *Harrell v. The State*, 26 Ala. 52; Chitty on Crim. Law, 636; 1 Bishop on Cr. Pr. 829.

This sufficient general verdict is not vitiated by the find-

ing, that the offense was committed after the first day of June. The object of this finding obviously was, to meet the fact that a new Penal Code went into force on the first day of June. The prisoner might have been guilty, as found in the general verdict, and yet not obnoxious to punishment under the new Penal Code; hence the propriety of the latter clause of the finding.

2. We understand from the bill of exceptions, that the court excluded the evidence of the defendant's confessions, but admitted proof of his acts. We see no objection to this ruling. It was certainly as favorable to the accused as the law would warrant, and there is no ground of complaint by him on error.

A careful examination has not enabled us to discover any error in the record, and we must affirm the judgment.

BYRD, J.—I hold, that the verdict is neither good as a general, nor as a special one, and therefore the cause should be reversed.

