## T. G. BROOKS ET AL., ADM'RS V. CALVIN HOWARD ET AL.

A third application for a continuance is addressed to the sound discretion of the court. (Paschal's Dig., Art. 1509, Note 595.)

But, even in a third application for a continuance, there may be circumstances when to overrule the motion is error. (See the opinion for such a case.)

APPEAL from Angelina. The case was tried before Hon. A. W. O. HICKS, one of the district judges.

The defendants and appellants having moved to continue the cause and filed a very long affidavit, the application was overruled, and the defendant excepted; and judgment having been rendered against him, he appealed, and assigned for error the action of the court in overruling the continuance.

The grounds of the motion are sufficiently set forth in the opinion.

No arguments have been furnished to the *Reporter.*

WILLIE, J.—The only error relied upon by appellants for a reversal of the judgment in this case is the overruling by the court below of their motion for a continuance. This was the third application on their part to continue the case, and was, therefore, addressed to the sound discretion of the court, and that discretion is not, as a general thing, the subject of revision. (Hipp v. Huchett, 4 Tex., 22; Green v. Crow, 17 Tex., 180.) It was said, however, in the case first above quoted, that there might be circumstances under which a refusal to grant a continuance would, even on a third application, operate such flagrant injustice as to induce its reversal by a superintending tribunal. The circumstances set forth in the affidavit for continuance now under consideration were, we think, of a character not only to authorize, but to demand, a postponement of the trial.

The facts to be proved by the absent witness were cer-

tainly of great importance to the plaintiffs, and without them their action must of necessity have failed. This testimony they show could not have been procured from any other source. They show all necessary diligence on their part, under the circumstances, to secure the attendance of the witness in person upon the court. They account very satisfactorily for not taking his depositions, by stating that the witness positively refused to attach to depositions the receipt which they wished to establish by him, or to let the same go out of his possession. They show a very great willingness on his part to attend the court in person, and every reasonable effort to do so, together with every possible endeavor of their counsel to secure his attendance. A subpœna was taken out for him; service of the same was acknowledged by him. He not only faithfully promised to attend court, but actually came from Sabine Pass, at which place he was attending to private business of his own, to San Augustine, in order that he might accompany plaintiffs' counsel to the county of Angelina, and give testimony in their behalf. He was only prevented from attending the court in Angelina county by the swollen state of the streams, and by the well-grounded belief that it would be impossible for the judge to reach that county and hold the district court, on account of high water and destruction of bridges between San Augustine and Angelina counties. Many other facts are set forth in the application which it is unnecessary to detail, but which show conclusively that the refusal of a continuance operated great injustice to the plaintiffs. We think this one of the cases in which the exercise of discretion on the part of the court below, in overruling a motion for a continuance, requires revision, and for the error in refusing said application the judgment is reversed, and the cause

REMANDED.