## COMMONWEALTH *vs.* MALACHI DONOVAN.

On the trial of a cause, whether criminal or civil, the decision of the presiding judge to grant or to refuse a motion for a continuance or postponement on account of the absence of a witness is not a subject of exceptions.

INDICTMENT for breaking and entering a building on November 21, 1867, in the night time, with intent to steal.

At the trial in the superior court, before *Putnam*, J., at the close of the testimony introduced by the Commonwealth, the defendant's counsel moved for the case to be continued, presenting as a basis for the motion the affidavit of Hannah Davis, a sister of the defendant, to the effect that Peter Boodro, a barber, was prevented by sickness from attendance as a witness, who if present would testify that the defendant was in his barber's shop at six o'clock on the evening of the day charged in the indictment, and remained there until twenty minutes past six, when he went away in company with a person named. The attorney for the Commonwealth indorsed on the affidavit thus offered, that " the Commonwealth admits that the witness herein named would testify to the facts set forth in this affidavit." The defendant's counsel then made and presented his own affidavit that he believed " that it is unsafe for the defendant to proceed to trial without the presence of Peter Boodro in court." But the judge nevertheless overruled the motion for a continuance. The trial proceeding, the affidavit of Hannah Davis was read to the jury, and the attorney for the Commonwealth said to them at the time, and repeated in his argument, " that they were to take it that Boodro, if present, would testify to the facts set forth in the affidavit;" and the judge so instructed them, and further said to them that Boodro " was to be considered as a witness unimpeached."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*N. Richardson*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

WELLS, J. Such incidents of the trial as motions for con tinuance or postponement are within the discretionary power of the judge presiding, and are not open to exception or revision by this court. *Reynard* v. *Brecknell,* 4 Pick. 302, *Converse* v. *Carter,* 8 Allen, 568. The practice of allowing such motions, when made on account of the absence of a witness, to be met by a concession that the witness would testify as stated in the affidavit accompanying the motion, giving to it the force and effect of a deposition of the witness, is generally adopted in our courts in civil cases. It has also been allowed in criminal proceedings, with the sanction of this court. *Commonwealth* v. *Knapp,* 9 Pick. 496, 515. It is true that in some cases such a concession would be a very inadequate substitute for the testimony of the absent witness. In such cases it might be proper for the court to require the facts themselves to be admitted, or to grant the postponement. But it would be impossible to lay down any rule of law as a guide by which to determine the question. All the circumstances which bear upon the propriety of one course or the other, the evidence of diligence, the indications of good faith or the contrary, the importance of the testimony, and the means of supplying the deficiency from other sources, are before the judge at the trial as they cannot be presented to any revisory tribunal. These considerations show the propriety of holding the whole matter of continuance or postponement to be entirely within the discretion of the judge at the trial. They apply to criminal as well as to civil causes. The statute authorizes exceptions in " cases civil or criminal " in the same terms, and limits them to " matters of law."

*Exceptions overruled.*