Byce *vs.* Ross.

---

E. E. BYCE, plaintiff in error, *vs.* A. E. ROSS, administrator, defendant in error.

When an action of trover was called for trial, and the plaintiff's attorney stated to the Court that a case before it on the docket was ready for trial, both parties being ready, and asked that the older case be taken up, as it being early on the first day of the term, neither his

client nor his witnesses were yet present; that various witnesses, as appeared by the docket, had been subpœnaed, and that, as he was informed, they would prove certain facts which would fully sustain the suit, and the Court failing to find said older case on the docket, though it was in fact there, refuse to delay the case or continue it, (the docket showing two continuances already by the plaintiff,) and dismissed the suit; and afterwards, on the next day, the plaintiff moved to reinstate the case, stating that he was ready for trial; that he had been detained at home the previous day until late by an unusual storm, which had blown down his fences, and he was compelled to put them up or lose his crop, and that as soon as he could do this he had hurried to town; was told by his attorney to get up his witnesses, as his case might be called at any time; that he had forthwith gone after one of them at his house in town, and during this, his temporary absence, his case was dismissed, that he had now his witnesses present, who would prove certain facts making a full support of his action:

*Held,* That the Court erred in refusing to reinstate the case.

Practice. Before Judge HARVEY. Floyd Superior Court. July Term, 1872.

This case was called for trial at about two o'clock P. M., on the first day of Court. The plaintiff not being present, his counsel called the Court's attention to another case which preceded it upon the docket, and which was ready for trial. The Court glanced over the docket, but could not find the case referred to, though it was in fact there, and required the plaintiff's counsel to announce. Counsel for plaintiff moved for a continuance on the account of the absence of material witnessess, who were regularly subpœnaed, by whom, as he was informed by plaintiff, he could prove certain facts, which were stated to the Court, and which would have supported plaintiff's case. The Court refused to continue the case because the docket showed two continuances already charged to plaintiff, and counsel for plaintiff excepted.

Counsel for plaintiff then appealed to the Court and to counsel for defendant, to pass the case for a short time or until the next morning, and he would be ready for trial. Counsel for defendant insisted upon having the case dismissed, and so the Court ordered. Whereupon, counsel for plaintiff excepted.

Byce *vs.* Ross.

On the next day counsel for the plaintiff presented to the Court the following affidavit, and moved for leave to reinstate said case:

"In person came before the undersigned E. E. Byce, plaintiff in the cause above stated, who, on oath, says that on Sunday night, the 14th instant, a storm blew down a large portion of his fence around his farm, exposing his growing crop to the depredations of cattle, horses, etc.; that on Monday forenoon, 1st instant, deponent was compelled to remain at home and put up his fence, or suffer his crop to be greatly damaged if not destroyed; that he had no other person to attend to putting up the fence; that so soon as he got his fence put up, the weather being bad, he came to Rome—reached the city about two o'clock P. M., and being told by his attorney that his case might be called up at any time, deponent went in search of S. B. Crane, one of his witnesses in the case, and in search of him, went to inquire for him at Stone & Bones' warehouse, on Broad street, at which house said Crane had recently been working, said Crane living in Forestville; that after searching in vain for said Crane, deponent came to the Court-house, and learned that his case had been dismissed. Deponent says that he remembers that his case was continued one time on account of the sickness of one of his witnesses, Jesse P. Ayres, and to the best of his recollection said case was continued at another time on account of the sickness or absence of his attorney, E. N. Broyles. Deponent says he is well satisfied that he has a good and legal cause of action; that he has for long years been diligent in attending Court on the case, with his witnesses; that the case was passed at several Courts because not reached, and was postponed several times by death of defendant, Morris, and the time necessary for making new parties, which plaintiff had done. Deponent says he has long since had several persons duly subpœnaed, to-wit, Jesse P. Ayres, Henry Burns, Shade Farmer, S. B. Crane, etc.; that he expected them to be present to testify on his behalf on the trial; that they were absent without his consent or ap-

Byce *vs.* Ross.

proval, and had they been present his attorneys could have gone on to trial. Deponent says he expected to prove by J. P. Ayres that William Morris, at the time he swapped the lot of land to plaintiff for the two mules, had no title to the land, and that Morris then knew it, and to prove the same points by Farmer and Burns, and by Crane that plaintiff bought the two mules specially to let said Morris have in exchange for the said land, and by Fincher, that plaintiff, on discovering the fraud, went to said Morris and demanded a rescision of the contract, and the return to him of the mules, and a refusal by Morris to do so, and an admission by Morris that if he did not make a good title to the land he would return the mules.

"Deponent makes this affidavit in order and for the purpose of getting his case reinstated, that it may be tried on its merits.          (Signed.)          E. E. BYCE."

The Court refused to allow the case to be reinstated, and counsel for plaintiff excepted.

Error is assigned upon each of the aforesaid rulings.

E. N. BROYLES ; A. R. WRIGHT, for plaintiff in error.

ALEXANDER & WRIGHT, for defendant.

McCAY, Judge.

It is with great reluctance that we interfere with the discretion of the Circuit Judge, in the conduct of the business in his Court. But this is a very hard case, and as the plaintiff has, as we think, without any fault of his, been turned out of Court, we feel constrained to reverse Judge HARVEY's ruling. It appears from the plaintiff's affidavit, that he was detained at home much of the day by providential cause, and that as soon as he got to the Court-house, he went with the activity and industry of a vigilant suitor, to get his witnesses into the Court-house. Had the Judge known when he dismissed this case the facts stated in the affidavit, we cannot think he would have refused to lay this case aside until the plaintiff could come in. The case was not in its order. True,

whilst the law requires cases to be tried in the order, the Judge may, in his discretion, for the progress of business, alter this order. Still the order of cases is a fact. The case at bar was not in its order. An older case was ready for trial. The Judge failed to find it on the docket, and, using the discretion vested in him, he called this case. That was well enough; but when he afterwards found there was, in fact, such a case, and he had inadvertently missed it, and the plaintiff in this case comes forward ready for trial, with the excuse he presents, we feel that the Judge ought to have reinstated the case, dismissed, as it in fact was, by a mistake of the Court, in not finding the older case.

Judgment reversed.