STATE v. CLARK LINDSEY and MILES WILLIAMS.

*Indictment—Larceny—Practice—Discretionary Power as to Continuance, Separate Trial and Removal of Cause—Evidence.*

1. No appeal lies from the refusal of the Court below to continue a cause. (Whether, if the discretion of the Judge was *plainly abused* an appeal would lie, *Quære ?*)

2. A motion by two or more defendants in an indictment for separate trials is within the discretion of the Judge and his action is not subject to review ; so also, is a motion to remove the cause to another County.

3. Where on a trial for larceny, a witness for the State was permitted to testify that in consequence of statements made to him by the defendant, he and defendant went to a certain place in the woods where defendant pointed out to him the stolen property ; *Held,* not to be error.

(*State* v. *Duncan,* 6 Ire. 98 ; *State* v. *Hill,* 72 N. C. 345 ; *State* v. *Hall*, 73 N. C. 134 ; *State* v. *Graham,* 74 N. C. 646, cited and approved.)

INDICTMENT for Larceny tried at Fall Term, 1877, of ANSON Superior Court, before *Seymour, J.*

The exceptions of the defendants and the facts necessary to an understanding of the case are sufficiently stated by Mr. Justice RODMAN in delivering the opinion of this Court. Verdict of guilty. Judgment. Appeal by the defendants.

*Attorney General,* for the State.

*Messrs. T. S. Ashe* and *Battle & Mordecai* for the defendants.

RODMAN, J. The prisoners were indicted for larceny in stealing a hog.

1. They moved the Court to continue the case, upon an affidavit of the absence of a witness, by whom they expected to prove an *alibi.* The Judge refused the motion on the

ground that there were other witnesses present to prove the same facts. It has been often said, and it is obviously true, that no appeal will lie from an order continuing a cause, not only because such an order must necessarily be to some extent in the discretion of the Judge, but also because it would be impossible to reverse it beneficially. An order refusing a continuance, and requiring a party asking for it to try, seems to stand upon a somewhat different footing as it may be beneficially reversed. The judgment given upon the trial may be final and cases may readily be conceived which if improbable are not impossible, when a refusal to postpone a trial would be a manifest and flagrant injustice and oppression, which it would discredit the Courts to avow an inability to redress. Nevertheless, the doctrine in this State and in many others, seems to be that a refusal to continue a case cannot be assigned as error, any more than a continuance. State v. Duncan, 6 Ire. 98 ; Com. v. Donovan, 99 Mass. 425.

In some of the States however, it is held that where a refusal to continue is a manifest injustice and wrong, it may be reviewed on appeal. Bryce v. Ross, 49 Ga. 89 ; Brooks v. Howard, 30 Tex. 278. In all, it is agreed that such an order is to some extent discretionary, and that even though it be matter of legal as distinguished from arbitrary discretion, and so capable of review, it will not be reversed unless it appears that the discretion has been plainly abused. It is unnecessary for us to say that in no case will this Court review a refusal of a Judge below to continue a case, for even if such right of review exists in any case, it does not appear in this case that the discretion of the Judge was in anywise abused. The exception on this ground is not sustained.

2. The defendants then moved for separate trials, which the Judge refused. We think this was a matter of discre-

tion of the same nature with a refusal to continue and the same observations apply to it. Exception not sustained.

3. The defendant, Lindsey, then filed an affidavit for a removal of the case as to him to another County, on the ground that for certain reasons he could not have a fair trial in Anson County. It is unnecessary to state the reasons assigned, because this also was matter of discretion with the Judge of a similar nature to those above mentioned, and this Court could not review the exercise of the discretion, at least, unless it appeared to have been plainly abused, which does not appear here. *State* v. *Hill*, 72 N. C. 345; *State* v. *Hall*, 73 N. C. 134. Exception not sustained.

4. " On the trial of the case, the State offered in evidence a confession of the defendant Lindsey. The defendant's counsel objected to this and offered to introduce evidence tending to show that the confession was obtained by duress. The State proposed to show that the defendant Lindsey stated that the article alleged to have been stolen was concealed in the woods in a certain place, and that he (Lindsey) went with the State's witness to the place and pointed out the stolen property. The Court held that the question of duress was immaterial and admitted the evidence, *limiting it however, to a statement of the fact deposed to by the witness, that in consequence of statements made to him by the defendant, he, the witness, and the defendant went to a certain tree in the woods, and the defendant there pointed out to him the stolen property.* The defendant excepted. Similar evidence as regards the other part of the property alleged to have been stolen was offered (and received) with regard to the other defendant Williams.'

The question made by these exceptions is the same in principle with that decided in *State* v. *Graham*, 74 N. C. 646. In that case the defendant was arrested for larceny in stealing growing corn, and was required by the officer having him in charge, to put his foot in a track found in the earth near where the corn had been taken. The Court held that

whether the officer had a right to compel the prisoner to put his foot in the track or not, (which it was unnecessary to decide) the result of the comparison so made was competent evidence. The correspondence between the prisoner's shoe and the impression in the ground was a fact which could not be affected by any inducements or force used to the prisoner, and which tended to prove his guilt and it was therefore fit for the consideration of the jury. The Court in its opinion referred to the very question now presented, as an illustration of the principle governing the case then under consideration, as one settled beyond controversy by authorities which are generally supposed sufficient to support any legal doctrine, especially one which is so agreeable to reason and common sense as the one in question appears to us to be.

To the decided cases there cited, numerous others may be added. The rule is plainly stated in the accepted text books on evidence, and so far as is known to me (and I suppose, because he has not referred to any work questioning it, so far as is known to the counsel for the defendant) has never been questioned in any text book, or by any Court. Greenleaf, Vol. 1 § 231 of the twelfth edition of his work on evidence, says; "The object of all the care, which as we have now seen is taken to exclude confessions which were not voluntary, is to exclude testimony not probably true. But where *in consequence of the information obtained from the prisoner,* the property stolen or the instrument of the crime or the bloody clothes of the person murdered *or any other material fact is discovered,* it is competent to show that such discovery was made conformably to the information given by the prisoner. \* \* \* It is competent therefore to inquire whether the prisoner stated that the thing would be found by searching a particular place, and to prove that it was accordingly so found; but it would not be competent

STATE *v.* LINDSEY.

to inquire whether he confessed that he had concealed it there. This limitation of the rule &c."

"§ 232. If the prisoner himself produce the goods stolen and delivers them up to the prosecutor, notwithstanding it may appear that this was done upon inducements to confess held out by the latter, there seems no reason to reject the declarations of the prisoner contemporaneous with the act of delivery, and explanatory of its character and design, though they may amount to a confession of guilt &c."

To the same effect is 1 Phil. Ev. 411, and 2 Stark. Ev. If any one desires still farther to pursue the investigation, I refer him in addition to the cases referred to in *State* v. *Graham*, and to those cited by Greenleaf, to the following:— *Jane* v. *Commonwealth*, 2 Metc. (Ky.) 30; *Mountain* v. *State*, 40 Ala. 344; *People* v. *Noy Yen*, 34 Cal. 176; *McGlothlin* v. *State*, 2 Cold. 223; *Commonwealth* v. *Knapp*, 9 Pick. 496.

To state the circumstances of these cases or to quote from the opinions of the Courts, would be an unnecessary consumption of time, in the support of the principle that I think must have been long since regarded by every lawyer as definitely established.

This exception is not sustained.

There is no error in the record. Let this opinion be certified &c.


PER CURIAM.                              Judgment affirmed.