W. Y. WARREN and wife v. T. D. WARREN and wife.

*Action upon a Judgment—Leave to bring.*

Where leave is granted by the judge below to bring an action on a judgment under section 14 of the Code, his decision upon the question whether "good cause" is shown, is conclusive.

(*Carter* v. *Coleman*, 12 Ired., 274, cited and approved.)

MOTION for leave to bring an action on a judgment rendered and docketed in CHOWAN Superior Court on the 18th of April, 1870, heard at Chambers on the 15th of April, 1880, before *Graves, J.*

The motion was allowed and the plaintiffs appealed.

*Mr. Walter Clark*, for plaintiffs.
No counsel for defendants.

SMITH, C. J.    Mary C. Badham, administratrix of William Badham, deceased, on April 10th, 1870, recovered judgment against Thomas D. Warren and wife, E. Alethia, on a debt contracted by her before marriage, for $1,876, with interest thereafter on $1,240.12 principal money and costs, which was at once docketed in the superior court of

Chowan. Mary C. Badham died in April, 1872, and administration *de bonis non* on the intestate's estate was thereupon committed to the plaintiff, Fannie R., wife of William Y. Warren, who has been substituted as a party plaintiff in the action. Thomas D. Warren died in 1878, insolvent. No execution was ever sued on the judgment until April 16th, 1880, when it was issued with leave of the clerk to the sheriff. On April 15th, 1880, the plaintiff, Fannie R., after notice to the surviving debtor, moves the presiding judge for leave to bring her action against the said E. Alethia Warren on the ground of continuous insolvency in both the judgment debtors, the recent discovery of property belonging to the survivor, and the near approach of the statutory bar. His Honor heard the evidence and granted the leave, from which judgment the defendants appeal.

Previous to the introduction of the new practice, a plaintiff recovering judgment could at once bring a new action and recover a new judgment thereon at his election. If the judgment had become dormant, the plaintiff was at liberty to sue out a *scire facias* to revive it and prosecute an action of debt at the same time and neither process was an obstruction to the other. *Carter* v. *Coleman*, 12 Ired., 274.

To protect the debtor against successive, needless and vexatious suits with their attendant expense it is provided in section 14 of the Code that " no action shall be brought upon a judgment rendered in any court of this state, which shall be rendered after the ratification of this act, except a court of a justice of the peace, between the same parties, without the leave of the judge of the court either in or out of term, for good cause shown on notice to the adverse party."

The plain intention of the statute is to withdraw the arbitrary right before vested in the plaintiff to renew and prosecute at his will unnecessary suits upon a judgment already rendered to the annoyance of the debtor and without

advantage to himself, and place it under the supervising control of the judge, to be exercised in a proper case with his permission. The leave is to be granted when " *good cause* " is shown, that is, when sufficient and satisfactory reasons are given. If then he is and must be the judge, his decision that good cause does exist is not reviewable in this court. What general rule can be prescribed to guide the judge in determining the application? or this court in revising the exercise of his discretion?

The granting of leave impairs no legal right of the debtor, and every just defence may still be set up when the action is brought as it may be in other cases where the plaintiff sues at his pleasure and requires the consent of no one. If this preliminary motion can become the subject of controversy involving issues of fact and law and admitting of an appeal, it would in effect be making two actions out of one for the benefit of neither party and to the inconvenience and expense of both.

We are therefore of opinion that the judgment of His Honor that *good cause* was shown is conclusive upon us. The judgment must be affirmed.

No error. Affirmed.