THOMAS W. KENDALL v. WILLIAM K. BRILEY and wife.

*Action upon a judgment—Refusal of leave to bring.*

Where leave to sue on a judgment under section 14 of the Code, is refused by the judge below, his decision upon the question whether "good cause" is shown, is conclusive. (Mr. Justice RUFFIN dissenting.)

( *Warren* v. *Warren*, 84 N. C., 614; *State* v. *Duncan*, 6 Ired., 98; *State* v. *Lindsey*, 78 N. C., 499; *Moore* v. *Dickson*, 74 N. C., 423; *Isler* v. *Dewey*, 71 N. C., 14; *Austin* v. *Clarke*, 70 N. C., 458, cited and approved.)

KENDALL *v.* BRILEY.

APPLICATION for leave to sue heard at Fall Term, 1881, of ANSON Superior Court, before *Graves, J.*

This was a motion made on October 10th, 1881, by the plaintiff to the presiding judge, for leave to bring an action upon a judgment in favor of the plaintiff against the defendants, Briley and wife.

The affidavit of the plaintiff upon which his motion was founded, stated, that the plaintiff at fall term, 1871, being the 18th day of October, obtained a judgment against the defendant and wife on a note under seal executed on the 16th day of January, 1868, for the sum of four hundred and twenty-four dollars and sixty-four cents, with interest. That no part of said judgment has ever been paid or release given to the defendants, nor assigned by the plaintiff to any one.

The defendants filed a counter-affidavit, but His Honor found the facts as stated in the affidavit of the plaintiff, and refused to grant his application, from which ruling the plaintiff appealed.

*Messrs. Reade, Busbee & Busbee,* for plaintiff.
*Mr. George M. Smedes,* for defendants.

ASHE, J. The application of the plaintiff was made under section 14 of the Code, which reads: " No action shall be brought upon a judgment rendered in any court of this state, which shall be rendered after the ratification of this act, except a court of a justice of the peace, between the same parties; without the leave of the judge of the court, either in or out of term for good cause shown, on notice to the adverse party."

This section of the Code has received a construction by this court in the case of *Warren* v. *Warren,* 84 N. C., 614, where an application like this was made for leave to bring an action upon a judgment, and it was held that the judge's

decision upon the question, whether "good cause" was shown, was conclusive.

The Chief Justice in delivering the opinion of the court, said:" The leave is to be granted when 'good cause' is shown—that is, when satisfactory reasons were given. If then he is and must be the judge, his decision that good cause does exist is not reviewable in this court. What general rule can be prescribed to guide the judge in determining the application, or this court in reviewing the exercise of his discretion ?"

If his decision that good cause does exist, is not reviewable, it must follow that his decision that it does not exist is equally conclusive.

What is *good cause* is *sufficient cause.* They are synonymous terms. In the Revised Code, ch. 31, § 13, it is provided that a continuance of a cause standing for trial, may be had for sufficient cause shown to the court by affidavit. And what is *sufficient cause* for a continuance has been uniformly held by this court to be within the discretion of the judge, and the exercise of his discretion is not the subject of review. *State* v. *Duncan,* 6 Ired., 98; *State* v. *Lindsey,* 78 N. C., 499; *Moore* v. *Dickson,* 74 N. C., 423 ; *Isler* v. *Dewey,* 71 N. C., 14 ; *Austin* v. *Clarke,* 70 N. C., 448. Constrained by these authorities we must hold there was no error. And as the appeal has been taken from the ruling of His Honor upon a matter of discretion, the appeal must be dismissed.


RUFFIN, J. *Dissenting.* I cannot bring my mind to concur in the conclusion to which my learned brethren have come in this case, and I regard the subject as one of sufficient importance to justify me in setting out the grounds of my dissent.

The purpose of the statute, under which the plaintiff is proceeding, is manifest. At common law a plaintiff in a judgment had a right to sue upon it at his own pleasure,

KENDALL v. BRILEY.

and seeing that this right might be used for the purpose of oppression, the legislature interposed a check upon it, by providing that no such action should be instituted without the leave of the judge of the court, in which the judgment had been rendered, for good cause shown.

The *good cause*, then, required to be shown is anything from which the court can see that the object sought to be obtained by the new action, is a legitimate one, and not the mere purpose to harrass and oppress by needless litigation.

In this case the judgment was rendered on the 18th of October, 1871, and the motion for leave to sue was made on the 10th day of October, 1881, just ten days before the bar of the statute of limitation would attach to it, and the effect of the ruling is, not to shield the defendant from vexatious litigation, but to give him an absolute discharge from a debt, not one cent of which, as His Honor finds, had he ever paid.

It is impossible for me to conceive that the law intended to confer upon any judge the power thus to destroy, by the exercise of an unrestrained discretion, the property of a citizen, and to leave him altogether without any remedy. I search in vain for a precedent to justify such a decision. As to the discretion allowed, in passing upon the sufficiency of an affidavit for the continuance of a cause referred to in the opinion of the court as being analogous, I confess I cannot so view it.   In that case, no substantial right is affected— no defence taken away or advantage bestowed on either party—nothing beyond a delay deemed necessary, that both may meet on equal terms.

The same lack of analogy exists, as it seems to me, in the case of an order made for the removal of a cause from one county to another for trial ; there again, no substantial right of either party is impaired, and no advantage bestowed upon either, and the law might well, therefore, commit its determination to the discretion of a single judge.

As I understood it, the decision in the case of *Warren* v.

*Warren*, cited by the court, was made to turn upon the very distinction which I have attempted to make here; and the finding that good cause for a new action was shown, and the grant of leave to bring it, were held to be conclusive, because, as said by the Chief Justice, such "*granting of leave impairs no legal right of the debtor, and every just defence may still be set up when the action is brought, as it may be in other cases when the plaintiff sues at his own pleasure and requires the consent of no one.*"

Thus understanding it, I yielded my full assent to it, but should have been slow to do so if I could have supposed its authority would ever be used in support of a decision, like the present, so destructive of the rights and interests of a party.

Even if it were conceded that the law intended to commit the right of the party to sue, under such circumstances, wholly as a matter of discretion to the judge of the court in which the judgment had been obtained, I should still be disposed to hold that its exercise might be reviewed in this court, if seen to be clearly erroneous and injurious.

When anything is left to any person to be done according to his discretion, says 1 Lil. Abr. 477, as quoted in Tomlinson's Law Dictionary, the law intends it must be done with sound discretion, and according to law; and the court of King's Bench hath a power to redress things that are otherwise done, notwithstanding they are left to the discretion of those that do them.

As applied to a court of justice, *discretion* means a *sound discretion*, guided by law and right, or as defined in Co. Lit., § 366, p. 227 b., "*discretio est discernere per legem quid sit justum*—that is—to discern by the right line of the law and not by the crooked cord of private opinion."

Pitiable indeed, is the condition of a judgment creditor under the operation of such a law. If made before the bar of the statute becomes imminent, his prayer for leave to sue

is taken as evidence of a purpose to vex his debtor with endless litigation, and therefore rejected; and if made when that danger is staring him in the face, he is told that he has waited too long, and the law grants favors only to the diligent. Far better would it be to deny him, in plain terms, every right of action, than to beguile him after such a manner with false hopes.

Believing that in thus withholding from the plaintiff his leave to sue, His Honor inadvertently exercised an unreasonable discretion, and that "nothing that is contrary to reason is consonant to law," I am of the opinion that the judgment of the court should be reversed.

PER CURIAM.                                    Affirmed.