## Gulf, Colorado & Santa Fe Railway Company v. J. J. Burroughs.

### Decided December 19, 1901.

**1.—Continuance—Third Application—Judicial Discretion.**

A third application for continuance is addressed to the discretion of the court, and its action in refusing the continuance will not be revised on appeal unless a clear abuse of such discretion is shown. See case where it is held that certain absent testimony, had it been given at the trial, would not probably have changed the result.

**2.—Evidence—Opinion—Value.**

In an action for the destruction of a pear orchard by fire it was not permissible for a witness who knew nothing of plaintiff's orchard, but based his opinion on general knowledge of the condition of pear orchards in that section of country, to state that such orchards added nothing to the value of the land on which they stood.

**3.—Same—Title to Realty.**

Where, in an action for damages to realty caused by fire, it appeared that plaintiff was in possession under a claim of ownership, and that his title was not put in issue, the erroneous introduction in evidence of a deed showing plaintiff's title was harmless.

**4.—Same—Newly Discovered Evidence.**

Where plaintiff recovered in an action for damages to realty by fire, and defendant presented an affidavit made by plaintiff's grantor, to the effect that at

the time of affiant's deed of the land to plaintiff, it was the homestead of af-
fiant and his wife, but not stating that the wife did not join in the deed, or that
the grantors therein still claimed any interest in the land, such affidavit stated
no material facts such as would authorize the granting of a new trial on the
ground of newly discovered evidence.

5.—Same—Harmless Error.

   Where the uncontradicted evidence in an action for injuries caused by fire
allowed to escape from defendant's engines showed that the fire resulted from
defendant's negligence, evidence that at the time the fire was set the train crew
did not return to assist in extinguishing it, even if irrelevant, could not have re-
sulted in harm to defendant.

Error from Harris.   Tried below before Hon. W. H. Wilson.

*J. W. Terry* and *Blake Dupree,* for plaintiff in error.

*J. M. Gibson* and *F. G. Hooser,* for defendant in error.

PLEASANTS, Associate Justice.—Defendant in error brought
this suit to recover of plaintiff in error damages for the destruction of
certain personal property and for injury to certain real estate owned by
defendant in error, alleging that said loss and injury was caused by a
fire negligently set out by the plaintiff in error.   The personal property
alleged to have been destroyed consisted of a lot of nursery trees and
the growing crop of hay upon about eighty acres of plaintiff's land.
The injury to the land was caused, as alleged in the petition, by the
burning of an orchard and of shade and ornamental trees, shrubbery
and fences situated on said land, and by the destruction of the grass
roots and damaging the sod so that the production of grass would be
greatly decreased for several years.   The aggregate sum of the dam-
ages claimed in the petition amounted to $3261.

   The defendant below answered by a plea of general denial and plea
of not guilty.   The trial in the court below was by a jury, and resulted
in a verdict and judgment in favor of the plaintiff for $600.   Plaintiff
in error presents no assignment questioning the sufficiency of the evi-
dence to sustain the verdict of the jury and our conclusions of fact are
as found by the jury, that plaintiff's property was injured and destroyed
as alleged in his petition by fire negligently set out by the defendant,
and that by such negligence plaintiff has been damaged in the amount
found by the jury.

   The first assignment of error complains of the action of the trial court
in overruling the defendant's motion for a continuance.   The contin-
uance was asked for because of the absence of Evans and Polk, two of
defendant's witnesses.   The application for a continuance sets up that
plaintiff in error would have proved by the witness Evans, if he had
been present, that defendant in error's trees, which he claimed had been
burned by plaintiff in error, had been neglected for several years, had
not been cultivated, were practically worthless, small, not bearing, and
very scrubby; that the witness was acquainted with the property for

at least five years and for several years before the alleged injury to it; that several months prior to the date that defendant in error alleges plaintiff in error damaged his property, the buildings and improvements thereon were destroyed by fire, and a large number of trees and shrubbery and plants and the fencing and grass upon said property were burned by said prior fire, and not by plaintiff in error, as claimed by defendant in error; that the fence of said property claimed to have been burned by plaintiff in error was old and had been used formerly by plaintiff in error to inclose its right of way; that the said witness Evans inspected the property immediately after it was burned by the fire charged by defendant in error to have been set out by plaintiff in error, and that the marks between said prior burn and said new burn were at that time easily distinguished, and that the fire which destroyed the improvements and damaged the trees and shrubbery upon said property was not the fire alleged by defendant in error in his petition in this case. Said motion for a continuance further showed as to the witness Evans that he had been in attendance upon the court at every previous term at which this case had been set for trial; that he was at the date of the trial in the employ of the defendant, and would then have been in attendance upon the court except that he was too sick to be so in attendance; that he had then recently undergone an operation for appendecitis; that plaintiff in error, knowing of said illness of said witness, inquired of his physician whether he could with prudence and safety give his deposition in this cause, and that plaintiff in error was informed that the witness could not give his deposition on account of his physical condition.

Attached to said motion and made a part of it was the affidavit of the attending physician of said witness, A. C. Scott, showing the serious illness of said witness. Said motion for a continuance also showed that but for said illness said witness would have been in attendance upon the court at the trial term just as he had theretofore been in attendance at every previous term of the court when this cause was set for trial.

By said motion for a continuance it is also shown that the witness W. A. Polk was a resident of Harris County, Texas, and that process had been duly issued on the 14th day of November, 1900, to secure his attendance, and that plaintiff in error had in every way used due dilligence to secure the attendance of said witness Polk, and that his absence and the failure of the officer to serve him with process was due to the fact that he was temporarily absent from the county upon a surveying expedition. That plaintiff in error would have proved by said Polk, if he had been present at the trial, that shortly after the damage to defendant in error's property alleged in his petition, said witness, at the request of plaintiff in error, made a survey of the same; that the number of acres burned over is much less than alleged by defendant in error in his petition; that the trees upon said property of defendant in error were small and scrubby and practically worthless; that there were less posts, plank, and fences burned than alleged in the petition; that

so soon as it came to the knowledge of plaintiff in error that the witness Polk was absent from the county, it immediately thereupon made inquiry of different parties whom it had reason to believe would know of the whereabouts of said Polk, and that it had been wholly unable to locate him; that he was not located at any particular point on his surveying expedition, but was daily moving up and down the Brazos river making a survey thereof.

It is shown further by said motion that the plaintiff in error knew of no other source from which said absent testimony could be procured, and that the witnesses were not absent through the consent or procurement of plaintiff in error, and that the continuance was not sought for delay only, but that justice might be done, and said motion was duly verified by affidavit.

The record shows that this was defendant's third motion for a continuance, and such being the case, it is well settled that said motion was addressed to the discretion of the court, and if we concede that the application shows a substantial compliance with the statute regulating continuances, the court having in the exercise of his discretion overruled the motion, such ruling is not subject to revision by this court unless it clearly appears that the trial court has abused his discretion. Brooks v. Howard, 30 Texas, 278; Land Co. v. Lumber Co., 21 Texas Civ App., 411. The evidence in the case shows that there had been a fire on plaintiff's premises which consumed his dwelling house several months prior to the fire complained of in this case, but said prior fire did not destroy the grass on plaintiff's land, nor any part of his orchard, and only destroyed a few pannels of his fence and very little, if any, of his shrubbery. In view of all the evidence in the case it is not at all likely that the witness Evans would have sworn that the grass, orchard, nursery trees, and all of the shrubbery and fencing, for the destruction of which plaintiff claims damages in this suit, were burned in said prior fire, and if he had so testified, such testimony would not have been probably true. The verdict of the jury was for much less than the amount of the damage shown by plaintiff's testimony, and we think it may reasonably be assumed that the jury did not include in their verdict any damages shown by any of the evidence in the case to have been caused by the prior fire. The application does not state the number of acres of plaintiff's land that the witness Polk would have sworn was burned over, and as the evidence in the case shows that the number so burned was less than the amount claimed in the petition, it is not clear from the statement in the application that the testimony of said witness upon this point would have been material. The testimony of these witnesses as to the other facts stated in the application would have been merely cumulative of other evidence in the case and would not have probably changed the verdict of the jury. While the application is apparently not without merit, when considered in connection with all the evidence in the case, we can not say that it was an abuse of discretion

on the part of the trial court to overrule the motion for a continuance, and the assignment can not be sustained.

The second and third assignments of error are as follows: "The court erred in excluding the testimony of the witness G. W. Butler, as is fully shown by defendant's bill of exceptions number 3, which is as follows: 'Be it remembered that on the trial of the above numbered and entitled cause, after the defendant had shown by the witness G. W. Butler that he was acquainted with the condition of the orchards and the character of the soil in and near Harrisburg and the vicinity thereof, and plaintiff's property was near Harrisburg, the defendant asked the witness the following question: "In your opinion what value, if any, is added to land in the vicinity of Harrisburg by the presence of pear trees upon it?" The plaintiff simply objected to the admission of the evidence, giving no reason therefor, which objection the court sustained and excluded the answer of said witness, which answer the defendant expected to be that it was no value to the land to have pear trees growing upon it, which answer the court excluded, to which the defendant excepted and here now presents its bill of exceptions number 3 and asks that the same be made a part of the record in this cause.'

"(3)   The court erred in excluding the testimony of defendant's witness J. H. Wizzell, as shown by its bill of exceptions number 4, which is as follows: 'Be it remembered that on the trial of the above numbered and entitled cause the defendant asked the witness J. H. Wizzell, after showing by the witness G. W. Butler that the same conditions of soil as to pear trees existed throughout the coast country of Texas, and after showing that the said witness Wizzell was acquainted with the soil, and that he was experienced in handling and raising pear trees at Alvin, Texas, about twenty miles from the tract of the plaintiff's place, defendant asked the following question: "State what, in your opinion from your experience in handling and raising pear trees, what value, if any, is given to land by the presence of pear trees from five to six years old?" to which question and the answer thereto the plaintiff objected because it was not the proper method of rebutting the testimony of the plaintiff, and because the witness shows that the only knowledge he has is at Alvin, and the question called for a conclusion, which objection the court sustained, and the defendant excepted. By the answer to said question the defendant expected to prove by the witness, if he had been allowed to testify in answer to said question, that he had experience of six or seven years at Alvin and the coast country, and that pear trees added no value to the property, and that there was no market value for them in November, 1898, and that he would further have answered as a matter of fact that it would have been better to have them off than on the land, and that they would die from blight about the time they were beginning to bear, which was about six or seven years old, and that they would die from the blight shortly after said age, and would add nothing to the value of the place for the purpose of sale or value,—which answer was by the court excluded, to which ruling of the court the defendant

excepted and now presents its bill of exceptions number 4, and asks that it may be allowed as part of the record in this cause.' "

We do not think the court erred in excluding this evidence. Neither of these witnesses knew anything about plaintiff's orchard, and therefore neither were shown to have been qualified to express an opinion as to its value. Their opinion based upon their general knowledge of the condition of pear orchards in the section of the country in which plaintiff's orchard was situate, that such orchards added nothing to the value of the land on which they grew, was not admissible for the purpose of showing that plaintiff's orchard was without value. The trial court in his qualification to defendant's bill of exceptions states that he admitted the testimony of this witness as to the general condition of pear orchards in that section, and all the testimony offered showing the physical qualities or properties of pear trees. From these facts the jury were properly allowed to draw their own conclusion as to the value of plaintiff's orchard, unaided by the opinion of the witnesses.

The fourth assignment complains of the action of the trial court in admitting in evidence a deed purporting to have been executed by W. B. Nichols and wife to the plaintiff. We deem it unnecessary to consider the objections raised by plaintiff in error to the introduction of this deed, because if said deed was improperly admitted, its introduction in evidence was harmless. Plaintiff in the court below was not required to prove his title as in a suit of trespass to try title against a defendant in possession, and having shown that he was in possession of the property under a claim of ownership, such evidence was a prima facie case of title in plaintiff, and in the absence of any pleading or proof on the part of the defendant that said property was owned by some other person, entitled plaintiff to recover for injury to the property. Such being the law, it was unnecessary for plaintiff to introduce any record title, and it is immaterial whether or not the deed in question was properly admitted.

The fifth assignment of error complains of the refusal of the trial court to grant a new trial on the ground of newly discovered evidence. The evidence for which the new trial was asked is set out in an affidavit made by W. B. Nichols and attached to the motion for new trial. This affidavit is to the effect that at the time of the execution of the deed from said Nichols to the plaintiff for the land in controversy, said land was the homestead of said Nichols and wife. There is nothing in the affidavit tending to show that Mrs. Nichols had not joined her husband in the execution of said deed; and there is no intimation that the land is owned or claimed either by Nichols or his wife. The facts stated in the affidavit being immaterial to any issue in the case, the trial court properly refused the motion for a new trial on the ground alleged.

The sixth assignment of error is as follows: "The court erred in admitting, over the defendant's objection, the testimony of the plaintiff's witness Charles Flemmell, as is shown by defendant's bill of exceptions number 2, which is as follows: 'Be it remembered that on the

trial of the above numbered and entitled cause the plaintiff's attorney asked the witness Charles Flemmell the following questions: "Did the crew stop when the fire started? Did any of the railroad men come there to help put it out? Did the train stop and any of the railroad men running the train come back to assist in putting out the fire?" To which question and the answer thereto the defendant objected for the reason that it is an improper question and irrelevant and immaterial and misleading, which objection the court overruled, and permitted the plaintiff to answer as follows: "No sir; not that day; the train kept on going;" to which ruling of the court the defendant excepted and here now presents its bill of exceptions number 2, and asks that the same be made a part of the record in this cause.' "

The undisputed testimony in the case shows that the fire which caused the injury to plaintiff's property was set out by the negligence of the defendant, and conceding that the testimony complained of in this assignment was irrelevant and immaterial, its admission could not possibly have prejudiced defendant in any way. It could only bear upon the question of defendant's negligence, and that having as before stated, been established by uncontroverted evidence, this testimony could not have resulted in any harm to defendant. We think the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*