## COMMONWEALTH *vs.* SAMUEL B. WOOD.

An indictment, which avers generally that the defendant, at a place and during a time specified, was a common seller of intoxicating liquors, is sufficient, without setting forth specific acts of sale.

The requiring of a bill of particulars, on the trial of an indictment for being a common seller of intoxicating liquors, is within the discretion of the presiding judge; and his refusal to require one is not subject to exception.

An indictment which avers that the defendant, from a day named "to the day of finding this indictment," was a common seller of intoxicating liquors, states the time with sufficient certainty.

An indictment for being a common seller of intoxicating liquors during a period defined is supported by proof of commission of the offence during any part of the period.

INDICTMENT on *St.* 1852, *c.* 322, § 12, purporting by its caption to have been found "at the court of common pleas begun and holden at Greenfield within and for the county of Franklin, on the second Monday of November in the year of our Lord one thousand eight hundred and fifty four," and averring that the defendant at Greenfield "on the first day of November in the year one thousand eight hundred and fifty three, and at said Greenfield from said last mentioned day to the day of finding this indictment, without then and there having any license, appointment or authority therefor first duly had and obtained according to law, was then and there a common seller of spirituous and intoxicating liquors."

At the trial in the court of common pleas, before *Sanger*, J., before the case was opened to the jury, the defendant moved the court to order the Commonwealth to furnish him with a bill of particulars, specifying the persons to whom, and the times when, the sales were made. But the court overruled the motion.

The defendant objected to the sufficiency of the indictment in charging him with being a common seller from the 1st of November 1853 "to the day of finding this indictment." But the court ruled that it was sufficient, and that three distinct sales would warrant a conviction, if proved to have been made at any time during the period covered by the indictment, although there were periods of time, so covered, during which there was no evidence of sales by the defendant.

The defendant, being found guilty, excepted to these rulings; and also moved in arrest of judgment for the following reasons.

"1st. Because there is no sufficient allegation in the indictment, charging the defendant with being a common seller, under the twelfth section of the statute.

"2d. Because the defendant is not alleged to be a common seller on any particular day or days, time or times, or on any or divers days and times, during the period covered by the indictment.

"3d. Because the period covered by the indictment is uncertain, there being nothing to show when the indictment is found, and because the indictment does not allege the defendant to be a common seller during any certain, specific, definite period of time."

The judge overruled this motion also, and the defendant alleged exceptions.

*W. Griswold,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

BIGELOW, J.    1. The form of indictment used in the present case, charging the defendant as a common seller of spirituous liquors, has long been known and in use in this commonwealth; and its validity was distinctly recognized in *Commonwealth* v. *Pray,* 13 Pick. 363.    It is a form similar to that used in and adapted to the analogous offences of a common barrator, common scold, common brawler, and other like cases, in which the charge is proved by showing that a party sustains a character, or carries on a trade or calling, contrary to good morals and the peace and welfare of society.    It follows, therefore, that it is a sufficient description of such an offence, to allege that a defendant, during a fixed period of time specified in the indictment, has sustained a character, or carried on an occupation, forbidden by law.    The rule of criminal pleading does not require that the specific acts, upon proof of which the offence charged in such cases is to be made out, should be set forth in the indictment; but only that the daily habit or character constituting the offence should be fully and properly averred.    1 Chit. Crim. Law, 230.    2 Chit. Crim. Law, 232, *note.*    2 Saund. 308, *note. Commonwealth* v. *Davis,* 11 Pick. 435.

The indictment in the present case, being framed according to the well settled rules of the common law adapted to such cases, contains a formal and substantial description of the offence, in conformity with the requirement of the Declaration of Rights. *Commonwealth* v. *Davis,* 11 Pick. 438. Strictly speaking, then, when a party is charged in such indictment in the form prescribed by law, he has all the notice of the offence alleged against him which he can require of the government as a matter of right. But from the very nature of the charge, covering, as it usually does, a considerable period of time, and to be proved by a number or series of acts constituting a practice or habit, a defendant is liable to be surprised by evidence of facts, which he may not have anticipated, and for that reason be unprepared to meet or explain. To guard against this, the court in which the indictment is pending has ample power to order a specification to be filed by the government, of the acts relied on in support of the crime charged. Such is the practice both in this country and in England, in all cases where, from the general nature of the charge, the defendant is liable to surprise, and asks for a statement of the precise acts to be proved at the trial. 2 Saund. 308, *note.* *J'Anson* v. *Stuart,* 1 T. R. 754. *Commonwealth* v. *Davis,* 11 Pick. 434. *Commonwealth* v. *Snelling,* 15 Pick. 321.

But although such is the uniform practice, a specification cannot be claimed as a matter of right on the part of the defendant. This power, from its nature, must rest in the sound discretion of the court before which an indictment is pending, to be exercised according to the circumstances of each particular case. In this respect it stands on the same footing with the general authority of the court to regulate the course and conduct of trials, and being a matter resting in the discretion of the judge, the mode in which the power is exercised is not properly the subject of exception. Such was the intimation given in *Commonwealth* v. *Giles,* 1 Gray, 469; and upon mature reflection, and having reference to the well settled practice in this commonwealth, we are of opinion that the doctrine there stated is sound, and that the rights of defendants will be in no danger of

Infringement, if left in this respect to that sound discretion of the court to which is necessarily intrusted the management of the trial and its incidents.    There may be cases in which a specification would, in the opinion of the court, be useless ; where, for instance, the period of time covered by the allegations in the indictment was very short, so that a defendant could not fail to know the definite acts relied on in support of the charge. But in most cases, where the offence is of a general nature, requiring, to support the charge, proof of a series of acts during any considerable time, it would be the duty of the court, in the exercise of its judicial discretion, to require the prosecuting officer to file a specification of the specific acts relied on to sustain the indictment.    Although in the present case we think it would have been quite within the usual practice to have ordered a specification, we cannot revise the action of the court in this particular.

2. It was further objected at the trial, that the indictment in this case was defective because, in alleging the time during which the defendant is charged with being a common seller, it does not aver it with sufficient precision and certainty.    The ground of this objection is, that, in charging the offence to have been committed between a day certain and " the day of finding this indictment," the latter averment does not fix any definite and certain time, because it is in the power of the grand jury to find an indictment at any time during the term of the court, and even for an offence committed after the term has commenced. Rev. Sts. *c.* 136, § 11.

It is true, that in offences like that charged in the present indictment, it is necessary to allege the time with certainty. Time enters into the essence of such offences, and fixes with precision their identity.    *Commonwealth* v. *Pray*, 13 Pick. 364. A conviction or acquittal of the offence of being a common seller of spirituous liquors, during a given period of time, operates as a bar to a second prosecution for the same offence during the same period.    It is essential, therefore, to the rights of the defendant, that the time should be alleged with exactness. Any uncertainty in this respect would be fatal to the indictment

Commonwealth *v.* Wood.

But we are of opinion that, according to the uniform practice of our courts, where there is nothing on the record showing the contrary, the time of finding the bill is to be taken to be the first day of the term of the court. Such indeed is the form of the caption to all indictments. When therefore an averment is made, that an offence was committed between a day certain and the day of finding the indictment, and there is nothing on the record showing the day when the indictment was found, it is equivalent to an averment that it was committed between the first day alleged and the day on which the term of the court commenced. Thus understood, there is no uncertainty in the allegation of time in this indictment. *Commonwealth* v. *Tower*, 8 Met. 527.

It is to be borne in mind however in this connection, that it is always competent to resort to the record for the purpose of fixing the exact day on which the indictment was found, whenever it becomes necessary to prove that it was found after the first day of the term. This is sometimes done in order to avoid the objection that the offence was actually committed after the finding of the bill. The actual time can be shown by the certificate of the clerk indorsed on the indictment, or other proper entry. *Commonwealth* v. *Stone*, 3 Gray, 453.

3. Proof of the commission of the offence charged, during any portion of the time alleged in the indictment, would warrant a conviction. It is not necessary to prove it to have been committed during the whole time charged, although a conviction or acquittal, as already stated, would operate as a bar to a prosecution for the same offence, during the entire time alleged.

*Exceptions overruled.*