## Amos Chaffee vs. Charles F. Soldan.

The Supreme Court can not review, on writ of error, decisions of the Circuit Courts on questions addressed to their discretion.

The Circuit Court may, on *ex parte* motion, dismiss an appeal from a Justice's Court for want of payment of the entrance-fee: But the better practice is to make an order *nisi* in the first instance.

*Heard June 11th. Decided June 12th.*

Error to Wayne Circuit.

Soldan sued Chaffee before a justice of the peace, and recovered judgment May 18th, 1857. Chaffee appealed to the Circuit Court, making and filing with the justice the necessary papers for that purpose on the 23d of May. The return of the justice was duly made and filed. On the 17th of October following, Soldan, on affidavit that the entrance-fee had not been paid, made an *ex parte* application that the appeal be dismissed; and the same was dismissed, with costs. October 27th, Chaffee moved that the order dismissing the appeal be vacated, for the reason that it was made *ex parte*, without notice, which motion was denied, and Chaffee brought error.

*Howard, Bishop & Holbrook*, for plaintiff in error.

*W. B. Knox*, for defendant in error.

The CHIEF JUSTICE:

There is no error in the action of the Circuit Court in this case. The appellant had no standing in the Circuit Court until he had caused his appeal to be perfected in that court by the payment of the entrance-fee. Until that is done, the Court only takes cognizance of the case for the purposes of a dismissal, that the appellee may have the benefit of his judgment in the Court below. But we think the better practice in such cases is, for the Circuit Court to make an order *nisi* in the first instance, to become absolute in a specified time if not complied with.

In this case, there was a subsequent motion to set aside the order dismissing the appeal. Appellant might then have applied for leave to pay the fee, and rendered any excuse he had for not paying before. The Circuit Court, in its discretion, denied that motion, and this Court can not review this exercise of discretion.

*Judgment affirmed.*