## J. R. MOORE and wife *v.* G. DICKSON.

Granting or refusing a continuance in the court below, is in the discretion of the presiding. Judge; and it would require circumstances, proving beyond doubt, hardship and injustice to induce this court to review the exercise of such discretion, if in any case it had the power to do so.

*Hence,* where a case has been continued several terms, and a motion is made to continue it again, in the absence of the affidavit showing merits, this court will not review the decision of the court below, refusing a continuance.

CIVIL ACTION, tried before *Schenck, J.,* at Fall Term, 1875, of GASTON Superior Court.

There was a verdict for the plaintiffs and the defendant moved for a new trial; motion overruled. Judgment for the plaintiffs and appeal by defendant.

All the facts necessary to an understanding of the case as decided, are stated in the opinion of the court.

*W. W. Fleming,* for the appellant.
*Battle, Battle & Mordecai,* contra.

RODMAN, J. We see no error in the proceedings below. The first error alleged by the defendant is, that the Judge refused to continue the case.

We will not say that there may not be a case in which the refusal of a continuance would not be a ground for granting a new trial by this court, under its general power to supervise and control the proceedings of the inferior courts. But undoubtedly the granting or refusing a continuance is in the discretion of the Judge below, and it would require circumstances proving beyond doubt hardship and injustice to induce this court to review his exercise of it, if in any case it has the power to do so.

In the present case the only ground presented to the Judge for a continuance, was the recent death of one of the counsel for the defendant, perhaps his leading, and substantially, we will suppose, his only counsel until a few hours before the trial. We may think that under such circumstances the Judge might well have deferred the trial until the next day if such request had been made to him. But the action had been continued several times before, and *and there was no affidavit of merits.* We cannot see but that the Judge acted properly and discreetly, and certainly we cannot say that he acted unjustly or oppressively.

The other exception was not insisted on, and clearly could not be maintained.

PER CURIAM.　　　　　　　　　　Judgment affirmed.