STATE v. JAMES KEESLER.

*Indictment—Incest.*

Incest is not an indictable offence in this State.

INDICTMENT for Incest, tried at Fall Term, 1877, of CHEROKEE Superior Court, before *Furches, J.*

The defendant was charged with having had an improper intercourse with his own daughter, and was found guilty by the jury, and upon motion of the defendant's counsel, His Honor arrested the judgment upon the ground that the bill of indictment did not charge a criminal offence, and *Tate,* Solicitor for the State, appealed.

*Attorney General,* for the State.
No counsel for the defendant.

BYNUM J. The defendant is indicted for incest. This offence was not indictable at common law, and as we have no statute in this State declaring it to be a criminal offence, this indictment cannot be maintained. It is related that in the time of the Commonwealth in England, when the ruling powers found it for their interest to put on the semblance of extraordinary strictness and purity of morals, incest and wilful adultery were made capital crimes; but at the Restoration, when men from the abhorrence of the hypocrisy of the late times fell into a contrary extreme of licentiousness, it was not thought proper to renew the law of such unfashionable rigor; and these offences have been ever since left to the feeble coercion of the Spiritual Court according to the canon law. 4 Bl. 64; 2 Tomlin L. D. 160; Bish. Stat. Cr., §§ 725, 728; Bish. Mar. & Div. §§ 313, 315.

In most of the States of the Union incest is made an in-

di٭table offence by statute. Perhaps its rare occurrence in this State has caused the revolting crime to pass unnoticed by the Legislature.

No error.

PER CURIAM. Judgment affirmed.