STATE v. JOHN E. SCOTT.

*Appeal—Trial—Examination of Witnesses.*

1.   No appeal lies from a refusal of a judge to continue a cause.

2.   Where on cross-examination a witness was proceeding to answer a question and was stopped by counsel who proposed to ask another, and the judge interposed and allowed the witness to finish the reply; *Held,* not to be error.

INDICTMENT for an Assault with intent to commit rape, tried at Spring Term, 1878, of CUMBERLAND Superior Court, before *Moore, J.*

The facts necessary to an understanding of the case appear in the opinion. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
*Mr. T. H. Sutton,* for the defendant.

SMITH, C. J.   The record sets out several exceptions taken during the progress of the trial which will be noticed as follows:

1. The court refused to continue the cause on the defendant's affidavit and ordered the trial: The refusal to continue a cause is a matter resting in the sound discretion of the presiding judge, and no appeal lies from the exercise of that discretion.

2. During the cross-examination of the prosecutrix by the defendant's counsel and while she was detailing what passed between her mother and herself immediately after the assault, she testified that her mother asked,—" What is the matter, has he done anything to you ? and that she did not answer at first because"—at this point she was stopped by the counsel who was about to propound another question, when His Honor interposed, remarking, " she ought to be allowed to tell why she did not answer her mother at first," and put the question to her himself, when the witness said—" I was so scared I could not answer.   I almost immediately, however, and in defendant's presence, told my mother what had occurred."

We think the judge properly interposed and gave the witness an opportunity to make the explanation and finish what she was then prevented from saying.   This was an exercise of that control which a judge has over proceedings conducted before him, and necessary to the proper ad-

ministration of the law. He would have been derelict in duty had he failed to interfere and prevent the cutting off an unfinished sentence. The other exceptions are unsupported by the record, and as the judge says in passing on them, have no foundation in the facts of the case.

The exceptions are overruled. There is no error. This will be certified to the end that judgment on the verdict be pronounced according to law.

PER CURIAM.                                              No error.