JOHN C. GAY v. W. F BROOKSHIRE and others.

*Bankruptcy—Appeal.*

1. Where a suggestion is entered on the record that a defendant, sued on a bond, has been adjudged a bankrupt, the court should stay proceedings until the question of the debtor's discharge shall have been determined.

2. Where the defendant pleads bankruptcy in bar, and the plaintiff demurs thereto, and afterwards the defendant is allowed to withdraw his plea and move a stay of proceedings until his right to a discharge can be passed upon, which motion is granted by the court, no appeal lies from a refusal to try the action on the demurrer after the withdrawal of the subject matter to which it relates, and the consequent continuance of the cause.

(*Paschall* v. *Bullock,* 80 N. C., 329 ; *State* v. *Scott, Id.,* 365 ; *Mitchell* v. *Kilburn,* 74 N. C., 483 ; *Crawley* v. *Woodfin,* 78 N. C., 4 ; *McBryde* v. *Patterson, Id.,* 412 ; *State* v. *Lindsey, Id.,* 499, cited and approved.)

CIVIL ACTION tried at Fall Term, 1879, of RICHMOND Superior Court, before *Seymour, J.*

The plaintiff sues to recover the residue due on a bond executed to him by the defendants, after deducting the several payments admitted and specified in the complaint. The defendant, Bookshire, alone put in an answer, in which he states that additional payments have been made, and as a further defence, that he has been adjudged a bankrupt in the proper district court of the United States, and the plaintiff has proved his debt in the proceeding pending therein. The plaintiff replies, denying the allegation of other payments, and demurs to the sufficiency of the other matters of

defence. At fall term, 1875, the defendant had leave to withdraw his defence founded on the bankrupt act, and to enter on the record a suggestion of the bankrupt proceedings, in order to a stay of the action. Thereupon the plaintiff demanded judgment on the demurrer, and from the refusal of the court to grant it, appealed to this court.

*Messrs. Platt D. Walker* and *G. V. Strong,* for plaintiff.
*Mr. John D. Shaw,* for defendants.

SMITH, C. J. There has been no adjudication upon the issue raised by the demurrer, either sustaining or overruling it, but a refusal to proceed to judgment, and, as we interpret the record, a suspension of further action in the cause until the proceedings in bankruptcy are determined, and the defendant obtains or is denied his discharge. As the suggestion was not controverted, we assume the fact to have been acted on, as if on proof or admission, and if so, the stay and continuance are in direct accord with the requirements of the act of congress.

" No creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity against the bankrupt, until the question of the debtor's discharge shall have been determined, and any such suit shall, upon the application of the bankrupt, *be stayed,* to await the determination of the court in bankruptcy on the question of discharge, unless," &c. U. S. Rev. Stat., § 5106. This mandate is addressed as well to the courts of the states as to the courts of the United States, and, as the supreme law, is obligatory on all. Bump Bank., 434 and references. *Sampson* v. *Burton,* 4 B. R., 1.

The effect of an adjudication of bankruptcy has been held to be itself an injunction against the further prosecution of a suit in a state court, to enforce payment of a demand provable in bankruptcy, when brought to its notice. *Penny*

v. *Taylor*, 10 B. R., 200.   And if the adjudication be averred in the answer and proved, it operates to suspend proceedings.   *Frostman* v. *Hicks*, 15 B. R., 41.

The purpose aimed at in the stay, is to enable the debtor, when his discharge has been granted, to plead it in bar of the recovery.   *Paschall* v. *Bullock*, 80 N. C., 329 ; Blum, Law & Prac., Bank., 484.

The sufficiency of the demurrer is not before us on the appeal, and while not intending to pass upon it, we call attention to the preceding section, which declares that " no creditor proving his debt or claim shall be allowed to maintain any suit in law or equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him ; and all proceedings already commenced, or unsatisfied judgments already obtained therein against the bankrupt, shall be deemed to be discharged and surrendered thereby.   U. S. Rev. Stat., § 5105.

But the appeal may be disposed of upon another ground. It is taken from a refusal of the court to proceed to try the action on the demurrer, after the withdrawal of the subject matter to which it relates, and the consequent order of continuance, involving no " matter of law or legal inference " in the cause.   C. C. P., § 299.   It stands upon the same basis as an appeal from an overruled motion to dismiss, or to nonsuit the plaintiff, or an order of continuance, which we have held will not be entertained.   *Mitchell* v. *Kilburn*, 74 N. C., 483 ; *Crawley* v. *Woodfin*, 78 N. C., 4 ; *McBryde* v. *Patterson, Id.*, 412 ; *State* v. *Lindsey, Id.*, 499 ; *State* v. *Scott*, 80 N. C., 365.   The appeal must therefore be dismissed and this will be certified.

PER CURIAM.                              Appeal dismissed.