E. TURLINGTON v. H. WILLIAMS.

*Appeal—Practice—Pleading.*

An appeal from the refusal of the court to strike out a part of defend-
ant's answer will not lie. The question as to the sufficiency of the
defence set up should have been raised by a demurrer to the answer,
or by an objection on the trial to an issue involving the matters per-
taining thereto.

(*Crawley* v. *Woodfin*, 78 N. C., 4; *McBride* v. *Patterson*, *Ib.*, 412 ; *Hull*
v. *Carter*, 83 N. C., 249, cited and approved.)

CIVIL ACTION to recover land tried at Spring Term, 1880, of HARNETT Superior. Court, before *Eure, J.*

. The plaintiff appealed from the ruling of the court below.

Mr. W. E. Murchison, for plaintiff.
Messrs. W. A. Guthrie and N. W. Ray, for defendant.

ASHE, J. This was an appeal from the ruling of His Honor in a case depending in the superior court of Harnett county. It was an action to recover land brought by the plaintiff against the defendant. The defendant claims title and the right of possession to two tracts of land lying adjacent, the one containing three hundred acres, and the other two hundred and six acres.

The plaintiff claims title and the possession to a tract of land of two hundred and twenty-five acres, which lapped upon each of the tracts claimed by defendant. The defendant disclaimed title to any of the lands sued for outside of the boundaries of his said two tracts, and denied possession of the same, but admitted that he was in possession of that part of the land claimed by plaintiff, which lapped upon his two hundred and six acre tract.

The defendant by way of counter-claim alleged that the plaintiff was in possession of and withheld from him the possession of that part of his three hundred acre tract which was lapped upon by the land to which the plaintiff set up title, and demanded judgment that the plaintiff be removed therefrom, and that the defendant be adjudged entitled to the possession of the whole of said tract, and for five hundred dollars damages and for costs. When the case was called for trial, the plaintiff moved the court to strike out that part of the defendant's answer which set up a counter-claim, but His Honor refused the motion and the plaintiff appealed.

The point intended to be raised and presented for our consideration by this appeal is, whether there was error in the refusal of His Honor to strike out the counter-claim?

But we think the question really presented is, whether an appeal in the case will lie?

We cannot see that there was any substantial right claimed by the plaintiff which was affected by the refusal of the court to strike out that part of the defendant's answer any more than there is in a refusal to continue a case, to enter a non-suit, dismiss an action, or strike out or disregard a sham plea. It has been held that an appeal will not lie from a refusal to continue a case, to enter a non-suit, or dismiss an action. *Crawley* v. *Woodfin*, 78 N. C., 4; *McBride* v. *Patterson*, 78 N. C., 412. And in the case of *Hull* v. *Carter*, 83 N. C., 249, this court intimated a strong impression that no appeal would lie from the refusal of His Honor to strike out or disregard a frivolous plea.

If the plaintiff wished to raise the question whether a counter-claim could be pleaded in an action to recover land, he should have demurred to the answer and thereby raise an issue of law, from the judgment upon which an appeal would lie; or he might have gone to trial and objected to an issue under the counter-claim, have his exceptions noted, and if that point should have been ruled against him, and the action finally determined adversely to him, he might have had the benefit of his exception upon appeal.

PER CURIAM.                          Appeal dismissed.