STATE v. W. H. KEEN.

*Judge's Charge—Indictment—Wilful Burning.*

1. An inadvertent, erroneous instruction to the jury, accompanied by an explanation, or modification, which in effect corrects the error, will not be considered sufficient to award a new trial, unless it clearly appears that the jury was thereby misled and the appellant suffered wrong.

2. The statutory offence of wilful burning of a gin house is a misde-
meanor; and an averment in the indictment that it was done *felo-
niously*—the necessary descriptive terms being employed—will be
treated as mere surplusage.

(*State* v. *Thorne*, 81 N. C., 555; *State* v. *Edwards*, 90 N. C., 710; *State*
v. *Watts*, 82 N. C., 656, and *State* v. *Slagle*, 82 N. C., 653, cited and
approved).

INDICTMENT, tried before *Gudger, Judge,* at Spring Term,
1885, of HERTFORD Superior Court.

The facts are fully stated in the opinion of the Court.

*Attorney-General,* for the State.

No counsel for the defendant.

ASHE, J. The defendant and one Butler were charged with
the offence of burning a gin-house, and both were convicted.
On motion of the defendants a new trial was awarded to
Butler, but denied to the defendant Keen, who appealed to
this Court.

The charge in the indictment was that the defendants, in
Hertford county, on the 1st day of March, A. D. 1885,
" a certain gin-house, the property of John F. Newsom,
*unlawfully, maliciously, wilfully and feloniously,* did set fire to
and burn."

The only exception taken by the defendant, as disclosed
by the record and bill of exceptions, is to the charge of the
Judge, which was as follows, to-wit: " If you are satisfied
that these defendants, or either of them, burnt the gin-house
named in the bill of indictment, then you shall · find them
guilty—that is, if you are satisfied that only one of them
burnt the gin-house, as is alleged in the bill of indictment,
you will return a verdict of guilty as to him, and not guilty
as to the other defendant. But, before you can find either
of them guilty, you must be satisfied from the evidence, of
his guilt beyond a reasonable doubt."

We are unable to discover any error in the charge of the Court. If the Court, after charging, "if you are satisfied that these defendants, or either of them, burnt the gin-house named in the bill of indictment, then you shall find *them* guilty," had stopped there, the objection to the charge might have been sustained, but the Court relieved the charge of the objection by proceeding to qualify and explain what it had said, by adding : " that is, if you are satisfied that only one of them burnt the gin-house, *as is alleged in the bill of indictment*, you will return a verdict of guilty as to him, and not guilty as to the other defendant." With this qualification, the jury could not have been misled, or left in any confusion as to the import of the charge.

The charge is certainly not very happily expressed, but we think the jury could not have had any doubt that the meaning of the charge was, that if both the defendants burned the gin house, as alleged in the indictment, then they are both guilty, but if only one burned it, he only should be found guilty.

As the grounds of exception to the charge are not specifically stated, it may be, that the exception was to that feature of the charge, which stated that " if you are satisfied that the defendants, or either of them, burned the gin-house, *as alleged in the bill of indictment*, you will return a verdict of guilty," &c. If that be the ground of the exception, it must be predicated upon the fact that the act of burning is charged to have been done feloniously, when the offence is but a misdemeanor, and the statute only uses the word *wilful.* That would be no ground of exception. The use of the words *malicious* and *felonious*, as held in the case of *State* v. *Thorne,* 81 N. C., 555, is mere harmless surplusage. *State* v. *Edwards*, 90 N. C., 710. And it has been repeatedly held that calling an offence a felony does not make it one, when it is only a misdemeanor. *State* v. *Watts*, 82 N. C., 656; *State* v. *Slagle*, 82 N. C., 653.

There is no error. Let this be certified to the Superior Court of Hertford county, that the case may be proceeded with according to law.

No error. Affirmed.