JOHN BANKS v. GAY MANUFACTURING COMPANY.

*Pleading — Verification — Issue — Judgment by Default and*
*Inquiry — Corporation — Continuance.*

1. When a pleading by a corporation is required to be verified the verification must be ma{e by an *officer* thereof; a verificati n by an *agent* merely will not suffice. *The Code.* § 258.

2. When a verification of a pleading is allowed to be made by an agent, it should set forth his knowledge, or grounds of belief, and why it is not made by the principal party.

3. After a judgment by default and inquiry in an action for malicious prosecution the only issue for the jury is the amount of plaintiff's damages.

4. Granting or refusing a continuance is a matter of discretion, and not reviewable.

CIVIL ACTION, for damages for malicious prosecution, tried before *Whitaker, J.,* at Spring Term, 1890, GATES County Superior Court.

When the case was called for trial, the defendant offered to file an answer to the verified complaint, to which plaintiff objected because of defective verification. It was admitted that the defendant was a corporation, and that C. W. Dennis was an agent, but not an officer of the same. The verification was as follows:

"C. W. Dennis, agent for the said Gay Manufacturing Company, being duly sworn, maketh oath that the facts stated in the above answer are true of his own knowledge."

Upon objection to the verification, defendant moved for a continuance, in order to have the answer properly verified by an officer of the corporation. This motion was overruled, and the defendant excepted.

The defendant requested the Court to submit to the jury this issue: "Did the defendant prosecute the plaintiff maliciously and without probable cause?"

This the Court refused, and submitted only the issue: "What damage, if any, has the plaintiff sustained?" and the defendant excepted.

Verdict and judgment for plaintiff.

Motion for new trial overruled. Defendant appealed.

*Mr. W. M. Bond* (by brief), for plaintiff.

No counsel *contra*.

CLARK, J.: *The Code*, § 258, prescribes, " when a corporation is a party, the verification may be made by any officer thereof." The answer of the defendant company is sworn to by an agent merely. and his Honor rightly held that the answer was not verified. *The Code*, § 217, permits a summons against a corporation to be served on an agent, but this was not extended to verification of pleadings by the corporation. There is an evident reason for the difference. Besides, if the answer of a corporation could be verified by an agent, the affidavit is not sufficient, in that it does not set forth " his knowledge or the grounds of his belief on the subject, and the reason why it is not made by the party." When the verification is by an officer of the company this is not required, for the officer speaks for and is the mouth-piece of the corporation (*Bank* v. *Hutchison*, 87 N. C., 22), but it is necessary to be set out in all cases where the verification is made by an agent or attorney.

The Court in its discretion might have allowed the answer to be verified properly (*The Code*, § 274), and have granted a continuance for that purpose, as prayed by the defendant, but its refusal of the continuance is not reviewable. *State* v. *Lindsey*, 78 N. C., 499; *State* v. *Scott*, 80 N. C., 365.

There being a judgment by default and inquiry, the issue tendered by defendant was properly refused, and in lieu thereof there was submitted to the jury the issue, " What damages, if any, has plaintiff sustained?" The issue tendered by defendant was not raised, as there was no answer, and that matter was settled by the judgment by default.

The only inquiry was as to the *quantum* of damages, which was submitted. No error.