SLINGLUFF, JOHNS & CO. v. HALL & PEARSALL and W. A.
HOUSTON.

(Decided April 11, 1899).

*Attachment—Mortgage—Bill of Sale—Continuance—Non-
Preference Act of 1895 (repealed).*

1. Granting or refusing a continuance is a matter of discretion and
     not reviewable, unless the discretion is palpably abused.
2. Where an insolvent debtor on December 6, 1895, executed a
     mortgage to secure $500, money then loaned to him, and also
     to secure $923.86, prior indebtedness to the same party, and
     on December 19, 1895, executed a bill of sale on a portion of
     the mortgaged property to the same party in payment of
     said $923.86—both instruments being registered, on the lat-
     ter date—and on January 9, 1896, another creditor had an
     attachment levied on part of the same property, contending
     that both instruments were mere secuities for the pre-ex-
     isting debt and therefore void under the Non-Preference Act
     of 1895—the true issue, decisive of the case, was submitted
     to the jury: Was the bill of sale an absolute sale of the
     property to pay the pre-existing debt of $923.86?

CIVIL ACTION, with warrant of attachment, tried before
*Robinson, J.,* at December Term, 1897, of DUPLIN Superior
Court.

During the pendency of the action, the defendant W. A.
Houston, the common debtor of the other parties, having
died, J. B. Sandlin was appointed his administrator. The
cause was placed upon the calendar by consent of both sides
for trial, and the plaintiffs were notified that at the trial term
he would file his answer, raising substantially the same is-
sues raised by the answer, on file, of Hall & Pearsall. At the
trial term Sandlin applied to be made a party-defendant
with leave to file his answer, which was allowed. The plain-

tiffs claimed a continuance on the ground of surprise. This was disallowed, and they excepted. Their debt against Houston was admitted. The issues, evidence, special instructions, charge of the Court and exceptions of defendants are adverted to in the opinion.

The verdict was in favor of defendants, and plaintiffs appealed from the judgment rendered.

*Messrs. Stevens & Beasley,* and *Armistead Jones,* for plaintiffs (appellants).

*Messrs. Simmons, Pou & Ward,* for defendants.

FAIRCLOTH, C. J. The plaintiffs attached certain property in the hands of defendants, which had been conveyed to them by W. A. Houston, intestate of defendant Sandlin.

On December 6, 1895, said Houston executed a mortgage to defendants Hall & Pearsall to secure $500 cash and $923.86 of prior indebtedness, conveying certain property therein mentioned, and on December 19, 1895, sold and conveyed by a bill of sale a part of the same property to said Hall & Pearsall in payment of said $923.86. Both of said instruments were recorded on December 19, 1895. The attachment was levied on some of said property.

On February 18, 1896, the plaintiffs filed their complaint, alleging among other things that said Houston was insolvent and that said conveyances were made with intent to cheat and defraud the plaintiffs and other creditors of said Houston. Hall & Pearsall of February 12, 1897, filed an answer denying the allegations of fraud, etc.

On December 13, 1897, the defendant Sandlin filed his answer, substantially the same as the answer of Hall & Pearsall, denying the allegation of fraudulent intent in said conveyances. Sandlin's answer was filed on the first day of Court at December Term, 1897, and the trial was had on the same day.

SLINGLUFF v. HALL.

Plaintiffs' counsel moved for a continuance of the cause on the ground that Sandlin's answer was just then filed, and for time to answer the same. The Court refused the motion and proceeded with the trial and the plaintiffs excepted.

*Issues.*

1. Was the bill of sale executed to seure a preexisting debt of $500?

Answer. No.

2. Was the bill of sale intended as a further or continuous security for the debt secured in the mortgage of 6th of December, 1895?

Answer. No.

3. Was the effect of the bill of sale and the mortgage executed by Houston to Hall & Pearsall on December 19, and 6, respectively, an assignment of defendant Houston's property?

Answer. No.

4. Did the defendant Houston assign, dispose of and secrete his property with the intent to defraud the plaintiffs and other creditors?

Answer. No.

5. Did the defendants Hall & Pearsall participate in the intent of Houston to defraud his creditors?

Answer. No.

6. Was the bill of sale to Hall & Pearsall, on December 19, 1895, an absolute sale of the property to pay the preexisting debt of Hall & Pearsall of $923.86?

Answer. Yes.

Plaintiffs requested his Honor to charge the jury as follows:

That if the jury shall believe from the evidence that the bill of sale was given to secure the amount or any part of

the original debt intended to be secured by the mortgage, the relation between the parties would not be changed and the bill of sale is void, or rather in effect it was a security for the debt and void.

In lieu of the above prayer for instructions, the Court charged the jury that if they should find that bill of sale of 19th December was not a *bona fide* sale of the property therein described in payment of the $923.86, but was intended by the parties as a further security to any of the debts mentioned in the mortgage of the 6th of December, they should answer the first issue, "Yes."

For that his Honor erred in giving the instruction in lieu of the one asked.

The plaintiffs, in their sixth prayer, requested the Court to charge that if the bill of sale was intended for further security the relation of mortgagor and mortgagee was not changed, and that the bill of sale was void under the Non-Preference Act of 1895. This was fully given in the fifth prayer and other parts of the charge, and there was no error in failing to give the sixth prayer. Judgment was entered for the defendants, and the plaintiffs excepted.

Granting or refusing a continuance is a matter of discretion and not reviewable *(Bank v. M'f'g Co.,* 108 N. C., 282) unless the discretion is palpably abused. *McCurrie v. McCurrie,* 82 N. C., 296.

In the case before us the answer of Sandlin was in substance the same as that of Hall & Pearsall which had been on file for several months, and Sandlin's answer raised no additional and material issue. The plaintiffs must be presumed to have come prepared to meet that issue, and it seems that a continuance was unnecessary and his Honor so held. That exception is not well taken.

The sixth instruction was given, not in words, but in substance.

SLINGLUFF *v.* HALL.

The plaintiffs' contention is that the mortgage was void under the Act of 1895, and that the bill of sale was of the same character, and likewise void, as they were recorded on the same day and made with the same intent. Whether the bill of sale, December 19, 1895, was an *absolute* sale of the property to pay the pre-existing debt was submitted to the jury and the answer was, "Yes." That finding determined against the plaintiffs the substance of their contention.

Whatever might have been the result, if nothing but the mortgage had appeared, the verdict on the sixth issue establishes the defendant's right to the property. *McKay v. Gilliam,* 65 N. C., 130.

The registration of these instruments on the same day, *i. e.* December 19, 1895, was an incident and does not affect the character of the contracts set out and so registered. The attachment issued December 27, 1895.

On the above we see no error, and a discussion of other exceptions would not change the result.

Affirmed.