STATE v. DEWEY.

(Filed October 3, 1905).

*Embezzlement—Bill of Particulars—Premature Appeal— Appealable Order—Continuances—Discretion—Charge in Writing—"Instructions" Construed—Exceptions—Harmless Error—Fraudulent Intent—Case on Appeal.*

1. The refusal to grant a motion for a bill of particulars, in an indictment for embezzlement, is not appealable, except possibly in a case of gross abuse of discretion.

2. If an appeal from a refusal to grant such application was permissible, it was premature. The defendant should have noted his exception, and if the final judgment was against him, he could have had the refusal reviewed on appeal therefrom.

3. Where the defendant had the benefit of the bill of particulars upon a renewal of the motion at a subsequent term, the appeal from a refusal at a previous term is useless.

4. It is only where the judgment is final and disposes of the entire controversy that an appeal transfers the cause to the appellate court and disables the court below from proceeding therein, and an exception to a refusal of a continuance because of a pending appeal from a motion for a bill of particulars is without merit.

5. The granting or refusal of a continuance is a matter necessarily in the discretion of the trial judge and not reviewable, certainly in the absence of gross abuse of such discretion.

STATE v. DEWEY.

6. Where before reading the written charge to the jury, the court stated orally that this was an important matter to the defendant and the State, and in arriving at a verdict they must not be governed or swayed by sympathy, prejudice or passion, but render such a verdict as is warranted by the evidence, there is nothing prejudicial to the defendant in this, nor is it a violation of section 414 of The Code, which requires a judge, when requested in apt time, to put his instructions in writing.

7. The word "instructions" as used in section 414 of The Code, relates to the principles of law applicable to the case, and which would influence the action of the jury, after finding the facts, in shaping their responses to the issues.

8. After the jury had been out some time, they returned into court and said that they could not agree. The court "stated it was the duty of a jury to reconcile the testimony, where there was a conflict, and if they could not reconcile the testimony, then it became their duty to adopt the most plausible theory of the evidence in arriving at a verdict." The jury then retired, and counsel for defendant called the attention of the court to what the defendant claimed was an error in leaving out the question of reasonable doubt and fraudulent intent. The court immediately called the jury back and re-stated to them what he had just told them and further stated that the State must satisfy them beyond a reasonable doubt of the fraudulent intent, etc., and read, the second time, his charge and defendant's instructions. Defendant excepted. *Held*, the above remarks, if oral, were not "instructions" upon the law applicable to the facts of this case.

9. The above entry "defendant excepted" applies only to giving the charge and special instructions, and besides, is void as "broadside."

10. The use of the word "plausible" was not excepted to and if it had been, the inadvertence, if any, was cured by the full, correct and explicit charge which was thereafter repeated.

11. The charge of the court on the question of fraudulent intent is correct within the ruling in State v. McDonald, 133 N. C., 690, which was more lenient to the defendant than it would have been had the bill been drawn as authorized by the amendment (Laws 1889, chapter 226,) to section 1014.

STATE v. DEWEY.

12. The appellant's "statement of case on appeal" should not have been
     sent up by the clerk below, nor have been docketed as part of the
     transcript here.

HOKE, J., dissenting.

INDICTMENT for embezzlement against T. W. Dewey, heard
by *Judge E. B. Jones* and a jury, at the July Term, 1905, of
the Superior Court of CRAVEN County. From a conviction
and the sentence of the court, the defendant appealed.

*W. W. Clark, D. L. Ward* and *O. H. Guion,* with *Robert
D. Gilmer, Attorney-General,* for the State.
     *Aycock & Daniels, F. I. Osborne, A. D. Ward* and *P. M.
Pearsall* for the defendant.

CLARK, C. J. The defendant, indicted for embezzlement,
applied to the solicitor for a "Bill of Particulars," who re-
plied that all the information he could give was contained·
in the books of the Merchants' Bank of New Bern, of which
he was advised the defendant and his counsel had made a
full and complete examination. The defendant then applied
to the judge at the succeeding term (April, 1905), who, upon
the hearing of the motion, declined the same and the defend-
ant appealed.

Such refusal is not appealable except possibly in a case of
gross abuse of discretion. *State v. Brady,* 107 N. C., 826,
827; *State v. Bryant,* 111 N. C., 695; *Townsend v. Williams,*
117 N. C., 337; *Gold Brick Case,* 129 N. C., 657. In 1 Bishop
New Criminal Procedure, sec. 643, it is said: "The applica-
tion for a bill of particulars is addressed solely to the judicial
discretion; hence his decision thereon is not open to revision
by a higher tribunal." *Com. v. Wood,* 70 Mass., 11. To
the same purport, *State v. Nagle,* 14 R. I., 333, citing *Com.
v. Giles,* 1 Gray, 466; *Chaffee v. Soldan,* 5 Mich., 242; *Com.
v. Wood, supra; State v. Hood,* 51 Me., 363. In *People v.*

*McKinney,* 10 Mich., 53, which was an indictment of the State Treasurer for embezzlement, the court fully discusses the practice and says that while bills of particulars should be freely allowed, especially in indictments for embezzlement, the granting of such orders is in the discretion of the trial judge and not reviewable, except possibly when there is a palpable and gross abuse of such discretion. *State v. Van Pelt,* 136 N. C., 633, in no wise controverts this practice, which is uniform in all jurisdictions, but merely holds that a defective indictment cannot be cured by the bill of particulars, and, that when the latter is furnished, the State is restricted in its proof "to the items therein set down."

If an appeal was permissible, it was premature. The defendant should have noted his exception and if the final judgment was against him, he could have had the refusal reviewed on appeal therefrom with the other errors assigned, whereas if the final judgment were in his favor, the appeal from the refusal of the order would be useless. The courts will not permit the needless delays and expense which would result from entertaining fragmentary and premature appeals, but will disallow all such appeals. *Hines v. Hines,* 84 N. C., 125; *Guilford v. Ga. Co.,* 109 N. C., 312, and other cases collected in Clark's Code (3d Ed.), pp. 740, 743. Besides, the appeal is now useless, for the motion for a "Bill of Particulars" being a discretionary matter and its refusal not *res judicata,* the motion was renewed at the July Term and was granted, and the defendant had the benefit of the bill of particulars before his trial at said term.

This case came on for trial at July Term, 1905, of Craven Superior Court. The defendant's motion for a continuance at April Term was granted. At July Term he again moved for a continuance because of the above mentioned appeal from the refusal of the motion for a bill of particulars. Such appeal, as we have seen, did not lie, and the court besides, at that time, allowed the bill of particulars, which was all

that the defendant could have obtained if this court had entertained the appeal and held with the defendant.   It is only when the judgment is final and disposes of the entire controversy that an appeal transfers the cause to the appellate court and disables the court below from proceeding therein. *Guilford v. Ga. Co., supra; Green v. Griffin,* 95 N. C., 50; *Carleton v. Byers,* 71 N. C., 331; *Isler v. Brown,* 69 N. C., 125.   The case being in the lower court, the granting or refusal of a continuance is a matter necessarily in the discretion of the trial judge and not reviewable, certainly in the absence of gross abuse of such discretion. *Slingluff v. Hall,* 124 N. C., 397; *Bank v. Mfg. Co.,* 108 N. C., 282; *Dupree v. Ins. Co.,* 92 N. C., 417; *Gay v. Brookshire,* 82 N. C., 411; *State v. Scott,* 80 N. C., 365; *State v. Lindsey,* 78 N. C., 499; *Moore v. Dickson,* 74 N. C., 423; *Austin v. Clarke,* 70 N. C., 458, and citations thereto in the Annotated Edition.

The court was requested to put its instructions to the jury in writing.   "Before reading the written charge to the jury the court stated orally that this was an important matter to the defendant and the State, and in arriving at a verdict they must not be governed or swayed by sympathy, prejudice or passion, but render such a verdict as is warranted by the evidence."   There is nothing prejudicial to the defendant in this.   Nor was it in violation of section 414 of The Code, which requires a judge, when requested in apt time, to put his instructions to the jury in writing.   The word "instructions" as there used relates to the principles of law applicable to the case, and which would influence the action of the jury, after finding the facts (which is their sole province), in shaping their responses to the issues submitted to them. *Lowe v. Elliott,* 107 N. C., 718; *Drake v. Connelly, Ibid.,* 463; *Dupree v. Ins. Co.,* 92 N. C., 417.

In *Currie v. Clark,* 90 N. C., 361, *Smith, C. J.,* says: "It is not the policy or purpose of the statute, nor does the language used bear such rigorous construction as to forbid

any and all oral expressions from the presiding judge.   This would be to subordinate substance to form and subserve no useful purpose * * * The instructions to be written and read are such as expound the law and are reviewable on appeal." In *Jenkins v. Railroad,* 110 N. C., 442, it is said: "The defendant had a right to insist on the entire charge *as to the law* being put in writing," and the reason there given is "that in the event it should be handed to the jury on their retirement (Laws 1885, chap. 137,) or to avoid differences between counsel in making up the case on appeal." In the more recent case of *State v. Crowell,* 116 N. C., 1058, the above excerpt from *Smith, C. J.,* in *Currie v. Clark,* is cited and approved.   2 Thompson on Trials, sec. 2380, says that "directions which are deemed instructions within the meaning of such a statute (similar to our Code, section 414,) are *statements of rules of law* governing the matter in issue."

After the jury had been out some time, they returned into court and one of them said they could not agree.   The court then told them that "he could be of no aid to them upon the facts; that they were the sole triers of the facts.   If it was upon a point of law, he would be glad to aid them.   But upon the facts they must decide, and further stated it was the duty of a jury to reconcile the testimony where there was a conflict, if they could, and if they could not reconcile the testimony, then it became their duty to adopt the most plausible theory of the evidence in arriving at a verdict.   The jury then retired and the counsel for defendant called the attention of the court to what the defendant claimed was an error in leaving out the question of reasonable doubt and fraudulent intent.   The court immediately called the jury back and restated to them what he had just told them, and further stated that the State must satisfy them beyond a reasonable doubt of the fraudulent intent at the time of appropriating the funds, if you find he did appropriate the funds.   The court then read the second time his charge and

the special instructions of the defendant. Defendant excepted." It does not appear that the judge's remarks were oral, but if so they were not instructions upon the law applicable to the facts of this case, but merely general observations as to the province of the court and jury as to finding facts. The defendant made no objection on that ground, nor to the use of the word "plausible," and it is fair to assume that the judge would have corrected that if the defendant had thought it prejudicial and objected, for the judge called the jury back and corrected his charge in the only particular specified. The judge not only charged as asked, but he again gave the special instructions, asked by defendant, previously given, among them these: "Unless the jury is satisfied beyond a reasonable doubt that at the very moment of conversion the defendant had a fraudulent and felonious intent, they will find the defendant not guilty;" and further: "A reasonable doubt of guilt may arise from a want of evidence." He then repeated his charge in full (which is entirely correct). The entry thereupon, "defendant excepted," applies only to giving the charge and special instructions, and besides is void as "broadside." If the use of the word "plausible" was not happy, it was certainly not excepted to; and if it had been, the inadvertence, if any, was amply cured by the full, correct and explicit charge which was thereafter repeated. *State v. McNair,* 93 N. C., 631; *State v. Keen,* 95 N. C., 648.

After a full and careful consideration of all the exceptions (some of which were taken only "out of abundant caution" and need not be noticed) we find nothing prejudicial to the defendant entitling him to another trial. He was cashier of the bank. He was more familiar than any one else with the books which were relied on to show his changes and false entries therein and his embezzlements. He and his able counsel had full access to them in preparing his defense, and it was further in evidence that he fled the State and was absent many months, and that while so absent he

wrote a letter seeking to compromise matters and escape criminal punishment, in which he fully admitted his guilt.

In *State v. McDonald,* 133 N. C., 680, the court was not inadvertent to chapter 226, Laws 1889, which amended section 1014 of The Code by inserting after "fraudulently" in the fourth and sixth lines thereof, the words "or knowingly and willingly misapply or," but the bill of indictment in that case was drawn solely under section 1014 as it was before amended, and did not contain the charge authorized by the aforesaid Act of 1889. The charge of the court in this case is correct within the ruling in *McDonald's case,* which was more lenient to the defendant than it would have been had the bill been drawn as authorized by the amendment of 1889.

We cannot pass over the irregularity in sending up the appellant's "statement of case on appeal." This has no proper place in the record and we cannot consider it. It should not have been sent up by the clerk below, nor have been docketed as part of the transcript here. The statute governs such matters. It provides that when the parties cannot agree upon a case on appeal, the judge "settles" the case on appeal, and that is the only "case" the appellate court can consider. It is true that the appellant can file his exceptions to the charge in ten days after court and is entitled to have them sent up, though if such exceptions embody recitals of fact, the court, as to that, will be controlled by the judge's statement of facts. If such exceptions to the charge are refused by the judge, the appellant can have them brought up by *certiorari. Lowe v. Elliott, supra.* But the practice here attempted of sending up the "appellant's statement of case" to contradict the judge, is contrary to the statute and would lead to endless confusion. It cannot be entertained.

No Error.

HOKE, J., dissenting: I differ from the court in its de-

cision of this case and am of opinion that the defendant has not had his cause tried in accordance with law.

The defendant in apt time and in proper manner requested the court below to put its instructions to the jury in writing, and where this is done the statute provides that the judge shall put his instructions in writing and read them to the jury as written, and sign and file the same as a part of the record in the cause.    Code, sec. 414.

The facts which transpired on the trial in respect to this request of the defendant are embodied in the case on appeal as follows:    The judge at first put his charge in writing and read it to the jury, and the written charge seems to be free from error.    The case on appeal then proceeds as follows: "After the conclusion of the charge and after the jury had been out some time, they returned into court and one of them stated they could not agree.    The court stated he could be of no aid as to the facts; that they were the sole triers of the facts; if it was upon a point of law he would be glad to aid them, but upon the facts they must decide, and further stated it was the duty of a jury to reconcile the testimony where there was a conflict, and if they could not reconcile the testimony then it became their duty to adopt the most plausible theory of the evidence in arriving at a verdict.    The jury then retired and counsel for the defendant called the attention of the court to what defendant claimed was an error in leaving out the question of reasonable doubt and fraudulent intent.    The court immediately called the jury back and restated to them what he had just told them, and further stated that the State must satisfy them beyond a reasonable doubt of the fraudulent intent at the time of appropriating the funds, if you find he did appropriate the funds.    The court then read the second time his charge and the special instructions of defendant."    Defendant excepted.

Here the judge laid down orally an erroneous proposition

as to how the jury should weigh the evidence and reach a conclusion.

The jury having again retired and the error being called to his attention, His Honor recalled the jury and restated the erroneous proposition and then added: "The State must satisfy the jury beyond a reasonable doubt of the fraudulent intent at the time of appropriating the funds, if you find he did appropriate them." The judge below then again read his written charge to the jury. This erroneous proposition was nowhere in terms withdrawn from the jury. We have it then that the judge twice told the jury orally that it was their duty to reconcile the evidence if they could, and if they could not, it was their duty to adopt the most plausible theory of the evidence in arriving at a verdict. In other words, to convict the defendant, if that was the most plausible conclusion. And twice he tells them that the State must satisfy them beyond a reasonable doubt; once in the written charge, and once orally. To which direction did the jury give the most heed and what rule has guided them to the conclusion which they reached? In my judgment unless expressly withdrawn this would amount to a reversible error if the entire deliverance of His Honor had been in writing. The counsel for the defendant differ from His Honor as to what he did say in his spoken charge, but this is really of no moment on the question now considered, nor is it important whether the oral part of the charge was erroneous or not. The case declares that instructions embodying legal propositions have been twice spoken to the jury, and nowhere expressly withdrawn, when the law requires that the entire charge shall be put in writing.

North Carolina has been extremely fortunate in having Superior Court judges who are capable, learned and impartial; but we know that there have been and may be again, occasions and instances where the due enforcement of this statute was the only guaranty that a citizen had that his prop-

erty, liberty, life and character would be dealt with in accordance with the law of the land. It is to my mind of vital importance in the due administration of justice, and its provisions should be in no wise disregarded or ignored. The proposition here stated will find support in *Currie v. Clark,* 90 N. C., 355; *State v. Young,* 111 N. C., 715; *Wheatley v. West,* 61 Ga., 461; Thompson on Trials, sec. 2375-2377.

In *Currie v. Clark, supra,* it is said: "Moreover that statutory mandate positively forbids any verbal explanatory comments which may affect or modify the written language and tend to mislead the jury as to its purport or aim. The propositions embodied in the writing must stand in their assumed form, not added to or diminished by any contemporary and extraneous words falling from the lips of the judge. The jury must gather the meaning of the instructions solely from the written words in which they are conveyed, as must the revising court in passing upon their correctness in law."

In *State v. Young, supra,* it is held that "at the request of counsel made in apt time, the court must put its entire charge to the jury in writing, and it is error to charge them orally upon any point when they return into court for instructions."

The only decision which I can find that tends to support a contrary view is *State v. Crowell,* 116 N. C., 1052, and this is more apparent than real. In *Crowell's case* the judge had put his charge in writing and read the same to the jury as the statute requires. The defendant had preferred a prayer for instructions that the case was barred by the statute of limitations. This prayer was refused, the judge saying to the jury that "the statute of limitations has nothing to do with the case." It was simply a refusal to submit an instruction preferred in writing by which the defendant got the benefit of an exception, and was in no wise given so that it could in any way influence the verdict, which was rendered on the facts submitted for the jury's consideration. It is answered that this objection is not open to the defendant be-

cause no exception was taken, but I do not so understand the record. The very feature of the trial to which this objection is urged is set out in the case on appeal and exception duly noted.

I am of opinion that the statute which should govern cases of this kind has not been complied with, and that the defendant is entitled to a new trial.