## STATE v. C. L. SAULS.

(Filed 23 December, 1925.)

**1. Indictment—Sufficiency—Statutes—Criminal Law.**

Under the provisions of C. S., 4623, an indictment will not be quashed for insufficiency in charging the offense if in plain, intelligible and explicit manner, sufficient matter appears to enable the court to proceed to judgment.

**2. Same—Incest—Motion to Quash.**

Where an indictment charges that a father did feloniously and incestuously have intercourse with his daughter, and is otherwise sufficient, the mere fact that it failed to charge "carnal" knowledge, is not a fatal defect that would sustain the defendant's motion to quash the indictment.

**3. Same—Common Law.**

Incest was not indictable at common law, and being made a felony by statute, C. S., 4337, 4338, the indictment must charge the crime substantially within the terms of the statute.

**4. Evidence—Instructions—Bias—Interest—Appeal and Error—Requests for Special Instructions—Objections and Exceptions.**

Where the trial judge charges the jury in a criminal action to scrutinize the evidence of the defendant and that of all his close relations who have testified in his behalf upon the trial, before accepting it as true, in the absence of the refusal of a special request to that effect, it is not reversible error for him to have failed to extend the caution to other interested witnesses, such matters being a subordinate and not a substantive feature of the trial.

**5. Courts—Sound Discretion—Appeal and Error.**

The discretion of the trial judge given him over the trial of a cause is rarely interfered with, though his action may be set aside for such gross abuse as would invade the legal rights to the prejudice of the appealing party; and under the facts in this case it is held that no abuse of this discretion or the invading of defendant's constitutional rights (N. C. Const., Art. I, secs. 11 and 17), was made to appear on the trial. What is in law the meaning of sound discretion of the trial judge, pointed out by Adams, J.

APPEAL by defendant from *Sinclair, J.,* at May Term, 1925, of the Superior Court of WILSON. No error.

The indictment was as follows:

The jurors for the State, upon their oath, present: That .C. L. Sauls, late of the county of Wilson, on the ........ day of October, in the year of our Lord 1923, with force and arms at and in the county aforesaid, feloniously and incestuously did have intercourse with Hattie Sauls, said C. L. Sauls being the father of said Hattie Sauls, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

The defendant was convicted and from the judgment pronounced he appealed, assigning errors which are set out in the opinion.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Woodard & Rand, A. O. Dickens and Manning & Manning for the defendant.*

ADAMS, J. Though punishable by the ecclesiastical courts of England as an offense against good morals, incest was not indictable at common law. It was made a felony in this State by the act of 1879. C. S.; 4337, 4338; *S. v. Keesler,* 78 N. C., 469; *S. v. Cutshall,* 109 N. C., 764, 774; *S. v. Brittain,* 117 N. C., 783. As it is of statutory origin an indictment therefor must charge a crime substantially within the terms of the statute. The act denounced as a felony is carnal intercourse between grandparent and grandchild, parent and child, and brother and sister of the half or whole blood. Sec. 4337. The word "carnal" as qualifying the word "intercourse" was omitted from the indictment, and upon this ground the defendant in apt time moved to quash the bill and excepted to the denial of his motion.

In our criminal procedure it is provided that every indictment shall be sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible, and explicit manner, and that it shall not be quashed by reason of any informality or refinement if sufficient matter appear therein to enable the court to proceed to judgment. C. S., 4623. The indictment, construed in the light of this statute, need not charge carnal intercourse in express words; it is sufficient if other language of equivalent import is used. In preparing the bill the draftsman used equivalent language. Webster defines incest as "the crime of cohabitation or sexual commerce between persons related within the degrees wherein marriage is prohibited by law," and "incestuous" as "guilty of incest." Worcester and The Century Dictionary give substantially the same definition. Incestuous intercourse is essen-

tially carnal intercourse. While the precise question has not been decided here, indictments charging "incestuous intercourse" have been sustained in other states. *S. v. Learned,* 85 Pac. (Kan.), 293; *Hintz v. State,* 17 N. W. (Wis.), 639; *Mercer v. State,* 92 So. (Fla.), 535; *S. v. Morgan,* 176 N. W. (S. D.), 35; *S. v. Dana,* 10 At. (Vt.), 727; *Baker v. State,* 30 Ala., 521. The crime was charged in a plain, intelligible, and explicit manner not easily to be misunderstood by the defendant. We think there was no error in denying the motion to quash the indictment.

The jury were instructed to "scrutinize the evidence of the defendant and that of all his close relatives before accepting it as true," and the defendant excepted because the instruction was not extended and applied to all interested witnesses. The exception must be overruled. In *S. v. O'Neal,* 187 N. C., 22, it is said: "Instruction to scrutinize the testimony of a witness on the ground of interest or bias is a subordinate and not a substantive feature of the trial, and the judge's failure to caution the jury with respect to the prejudice, partiality, or inclination of a witness will not generally be held for reversible error unless there be a request for such instruction."

There is another exception which demands consideration. The defendant was arrested on 15 May, 1925, at 9:30 a. m., on a warrant charging him with an assault on a female person (C. S., 4215); and at one o'clock on the same day the grand jury returned three indictments against him, two of them charging an assault, the other charging incest. The defendant, having been brought into court, stated that he had not been able to secure and confer with counsel and was not ready for trial; and the judge said he would continue the case either to the night session or until the next morning. The defendant replied that he would try to get ready for trial at the night session. The court convened at 7:30 p. m. and the defendant filed an affidavit and made a motion for continuance, alleging that immediately upon his arrest in the morning he had been confined in jail, had not been informed of the nature of the charge against him until one o'clock, had not been able to confer with counsel at all until 4:30 p. m. and then not satisfactorily, and that certain witnesses were necessary for his defense. The motion was denied and an exception was duly entered.

It is earnestly insisted by the defendant that he was denied his constitutional rights (Art. I, secs. 11, 17) and in any event that the refusal to grant his motion was such an abuse of discretion as entitles him to a new trial.

We are unable to see in what respect the defendant's constitutional rights were denied him unless by the judge's refusal to grant the continuance. The exception, then, finally depends on the question whether

there was an abuse of discretion, and that is really the position that was taken on the argument.

In *Armstrong v. Wright,* 8 N. C., 93, *Henderson, J.,* said: "The very act of vesting a discretionary power proves that the subject-matter depends on such a variety of circumstances, where each shade may make a difference, that it is impossible to prescribe any fixed rules or laws by which the subject can be regulated. And, although it be said that a sound discretion means a legal discretion, yet when we ask what the legal discretion is, we are as much at a loss as we were before the definition to declare the rules or laws by which the discretion shall be regulated. To prescribe fixed rules for discretion is at once to destroy it. This opinion is very much supported by the practice in England. I do not know a single case where any decision depending on discretionary power has been the subject of a writ of error, and I think that the power of this Court to correct errors in law extends not to those errors which may be committed in the exercise of a discretion, but only to those where the fixed and certain rules, emphatically called laws, are mistaken."

It was subsequently held in a number of decisions that the refusal to continue a case rests in the judge's discretion upon matters of fact which this Court has no power to review. *S. v. Duncan,* 28 N. C., 98; *S. v. Collins,* 70 N. C., 242; *Austin v. Clarke,* 70 N. C., 458; *Moore v. Dickson,* 74 N. C., 423; *S. v. Lindsey,* 78 N. C., 499; *S. v. Scott,* 80 N. C., 366; *Henry v. Cannon,* 86 N. C., 24; *Dupree v. Ins. Co.,* 92 N. C., 418; *S. v. Pankey,* 104 N. C., 841; *Banks v. Mfg. Co.,* 108 N. C., 282; *S. v. Hunter,* 143 N. C., 607.

In other cases it is held that while the exercise of discretion must be judicial and not arbitrary it is not subject to review unless "the circumstances prove beyond doubt hardship and injustice" (*Moore v. Dickson, supra*); or "palpable abuse" (*McCurry v. McCurry,* 82 N. C., 296; *Slingluff v. Hall,* 124 N. C., 397); or "gross abuse" (*S. v. Blackley,* 138 N. C., 620; *S. v. Dewey,* 139 N. C., 557; *S. v. R. R.,* 145 N. C., 495; *S. v. Burney,* 162 N. C., 614). In *Hensley v. Furniture Co.,* 164 N. C., 149, *Mr. Justice Walker* expressed the Court's conclusion in this language: "Judicial discretion, said Coke, is never exercised to give effect to the mere will of the judge, but to the will of the law. The judge's proper function, when using it, is to discern according to law what is just in the premises. *'Discernere per legem quid sit justum.'* *Osborn v. Bank,* 9 Wheat., 738. When applied to a court of justice, said *Lord Mansfield,* discretion means sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague, and fanciful, but legal and regular. 4 Burrows, 2539. While the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the judge, but by a sound and enlightened

judgment, in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps, in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited. We do not interfere unless the discretion is abused. *Jarret v. Trunk Co.,* 142 N. C., 466." And in *S. v. Riley,* 188 N. C., 72, *Chief Justice Hoke* said: "Defendants excepted, first, that they were ruled to a trial of the cause at the same term the bill of indictment was found and so soon after the alleged theft that they were, in effect, denied the right to obtain necessary evidence; but our decisions are to the effect that this is a matter within the discretion of the trial judge and not the basis of a valid exception, unless there has been manifest abuse, and, on the facts presented, we are of opinion that no such abuse has been made to appear. *S. v. Burnett,* 184 N. C., 783; *S. v. Sultan,* 142 N. C., 569." See, also, *S. v. English,* 164 N. C., 498.

One reason for *Mr. Justice Walker's* statement that the trial judge's discretion is "practically unlimited" may be found in the following language of *Chief Justice Ruffin:* "It is the province of the court in which the trial takes place to judge of the truth or sufficiency of the causes assigned for a motion for a continuance or removal of a trial. It must be so; else it would be in the power of a prisoner to postpone a conviction indefinitely, however clear his guilt, by making affidavits with the requisite matter on the face of them."

The modern application of the rule has thus been summarized: When the discretion of the trial judge is exercised with a reasonable degree of judicial acumen and fairness, it is one which the higher courts are loth to review or to disturb. The mere fact that the case was disposed of with unusual dispatch is not an ear mark of error. The presiding judge must be to a certain extent free to secure a speedy and expeditious trial, when such speed and expedition are not inconsistent with fairness. While it is not necessary, to constitute abuse, that the court shall act wickedly or with intentional unfairness, it is essential to show the commission of a clear or palpable error, without the correction of which manifest injustice will be done. Familiar with all the attendant circumstances the judge has the best opportunity of forming a correct opinion upon the case presented and has the benefit of a presumption in favor of his action. 16 C. J., 452, sec. 822 (2).

So far as we may determine from the record an order of continuance would not have been subject to legitimate criticism, but we have not discovered such an abuse of discretion as results in a denial of the due process of law.

No error.